McCULLOUGH *v.* THE STATE, on the relation of WILSON.

In a prosecution for bastardy, the credibility of the mother of the child is necessarily a question for the jury, in weighing her testimony.

APPEAL from the *Clay* Circuit Court.

*Thursday,
June 7.*

DAVISON, J.—This was a prosecution for bastardy. The affidavit constitutes the complaint.

Defendant answered by a general traverse. There was a verdict against him, upon which the Court, having refused a new trial, rendered judgment.

The record contains a bill of exceptions, which shows that the relator was the only witness who testified as to the defendant's guilt. She testified, *inter alia*, that the child was begotten on *Tuesday*, after the fourth *Monday* in *May*, and was born on the 10th of *February* thereafter, making the period of gestation eight months and ten days; that she was astride of the lap of defendant when it was begotten; and that that was the only occasion on which she ever had sexual intercourse.

May Term,
1860.

McCullough
v.
The State.

The evidence being closed, the defendant moved the following instruction:

"In this case, the credibility of the prosecuting witness is in question; and if the jury believed her testimony incredible as to time and place, and the manner in which she alleges the child was begotten, they should find for the defendant."

The Court refused thus to instruct the jury, but instructed as follows:

"Under our practice, the credibility of the witness is not, necessarily, in issue, unless brought in issue by impeachment, or the manner of the witness, or the probability of her statement."

The action of the Court relative to these instructions, raise the only points relied on in the defendant's brief.

In cases of this sort, the prosecuting witness, being the mother of the illegitimate child, is clearly interested in the event of the suit; because, in the event of a conviction, the defendant is adjudged the father of the child, and stands charged with its maintenance and education; but should he be acquitted, the witness, being its mother, would, of course, be obliged to maintain and educate her own child. This, then, is an interest that directly affects the credit of the witness, and, in this respect, her credibility is, in our opinion, necessarily in question before the jury; hence, it was error in the Court to refuse so to instruct them. In the absence of any statutory rule on the subject, she would have been incompetent on the ground of interest. 2 R. S. p. 485, § 3.—1 Phil. Ev. (5th Am. ed.) note 20, p. 40. But, as the rule now stands, though the mother of the bastard is allowed to testify, still it is the duty of the jury, in weighing the testimony, to consider her interest in the result of the prosecution. 2 R. S. pp. 80, 83, §§ 238, 243.

We are of opinion that the instruction given, so far as it tells the jury that "under our practice the credibility of the witness is not necessarily in issue," was erroneous, and may have misled the jury.

*Per Curiam.*— The judgment is reversed with costs, Cause remanded, &c.

J. P. *Usher*, for the appellant.

T. H. *Nelson*, for the state.