DAILEY *v.* THE STATE, on the relation of COURTNEY.

| 28 | 285 |
|---|---|
| 133 | 408 |
| 28 | 285 |
| 147 | 372 |
| 28 | 285 |
| 165 | 442 |

IMPEACHMENT OF WITNESS.—CONFLICTING STATEMENTS.—The law has long been settled in *Indiana,* that if statements of a witness made out of court are introduced on the trial, which are in conflict with his testimony, to discredit him, he may prove his declarations made in harmony with his evidence, and the rule is reasonable.

CREDIBILITY.—The statutes of *Indiana* permit the interest of the witness in the result of the trial to be regarded by the jury in considering his credibility.

SAME.—BASTARDY.—In a bastardy prosecution on behalf of the State, for the support of the child, the defendant, being liable to be charged with such support, is directly interested in the result, while the relatrix has no such interest, and these facts must be considered by the jury in weighing their testimony.

APPEAL from *Switzerland* Common Pleas.

RAY, J.—This was a prosecution for bastardy. On the cross-examination of the prosecuting witness, she answered that she did not tell Mrs. *Dyer,* in *May,* 1865, "that I (she) had been too much with men," or, "that I (she) had been acting bad with men." She stated, also, that she did not tell *John Henry,* in the spring of 1865, that she "had been acting bad with men." On behalf of the defendant, Mrs. *Dyer* testified that a few days before the child was born, the prosecuting witness told her that she "had been too much with men."

The State proved, over the exception of the defendant, by several witnesses, that the relatrix had declared to them that the defendant was the father of her child. This is assigned as error.

The evidence of Mrs. *Dyer* was evidently intended to impeach the witness *Courtney,* and discredit her statement that the defendant was the father of her child. The fact testified to, that about the time of her confinement she stated that she "had been too much with men," was expected to impress the jury with the belief that improper intercourse with more than one person had, in her opinion,

rendered doubtful the identity of the person who had caused her condition. Whether the evidence was sufficient to discredit the relatrix, it is not necessary for us to decide. Such was the object sought by its introduction, and such was its possible tendency; and although there may be a question as to the propriety of its admission, yet the defendant, having procured its admission, cannot complain that its effect was destroyed by proof of the statements of the mother charging him with the paternity of the child. The law has been long established in this State, that if statements of the witness made out of court are introduced on the trial, which are in conflict with his testimony, to discredit him, he may prove his declarations made in harmony with his evidence. *Coffin* v. *Anderson*, 4 Blackf. 395. There are cases in which the correctness of this rule is denied. It seems, however, not unreasonable that where it is attempted to impeach the testimony of the witness by proof that he has made other statements, he should be permitted to discredit such evidence by showing that in conversations with other persons his declarations have been consistent with his sworn statement.

If there was error in the admission of the evidence offered by the State, the appellant cannot avail himself of it. If the evidence introduced by him to impeach the relatrix was proper, it authorized the declarations charging him as the father to be given also.

The appellant requested the court to instruct the jury, in substance, that if the relatrix affirmed that there had been intercourse on the 4th and 12th of *September*, and the defendant denied such intercourse at the times stated, and for one month before the 4th, and for six weeks after the 12th of September, and that no other evidence had been given on that subject, and if the jury should find each witness, as they stood before them, equally to claim their credence, no finding could be given for the prosecution. This instruction was refused. It had been in proof that the intercourse might have taken place either before or after the date fixed by the

defendant, and yet the paternity of the child be charged to him. Our statute also permits the interest of the witnesses in the result of the trial to be regarded by the jury in considering their credibility. The instruction leaves out of view the fact that the prosecution is on behalf of the State, for the support of the child, and that the defendant, being liable to be charged with such support, is directly interested in the result. The relatrix has no such interest, and this fact must be considered by the jury in weighing their testimony. The instruction was properly refused.

The judgment is affirmed, with costs.

*H. A. Downey, J. A. Works* and *S. Carter*, for appellant.
*A. C. Downey*, for appellee.

