## NANCY J. BOWEN *vs.* GEORGE K. REED.

In an action on a bond reciting that the defendant was the father of the plaintiff's bastard child, and conditioned to support it, but alleged by the defendant to have been obtained by fraud and duress and to be without consideration, the plaintiff testified that she never had intercourse with any man other than the defendant. *Held*, that the exclusion of evidence of the contents of letters of a " vulgar " or " indecent " character from the plaintiff, off'ered " to contradict the plaintiff and to prove her intercourse with other

men," afforded the defendant no ground of exception, if it did not appear that they contained admissions or statements of her intercourse with other men at or near the time of the probable inception of her pregnancy.

At the trial of an action on a bond, given out of court, reciting that the defendant was the father of the plaintiff's bastard child, and conditioned to support it, but alleged by the defendant to have been obtained by fraud and duress and to be without consideration, declarations of the plaintiff in the time of her travail, that the defendant was the father of her child, are not admissible in her behalf.

CONTRACT on a bond given, out of court, to the plaintiff, promising to support her bastard child, and containing a recital that the defendant was the father of the child. Answer, that the bond was procured by duress, fraud and covin, and was without consideration, and that the recital was untrue. Trial in the superior court at June term 1869, before *Wilkinson*, J., who, after a verdict for the plaintiff, allowed the following bill of exceptions:

" In putting in the plaintiff's case, she was called to the stand by her counsel and interrogated as to the paternity of the child; and on cross-examination she stated that she had never had intercourse with any man other than the defendant, and had never written any letters so stating, and she gave other testimony tending to show that the child was the child of no other person than the defendant. Subsequently the defendant testified that the plaintiff had frequently, at or about the time of the alleged intercourse, February 1865, thrown him letters of a vulgar character; and that on reading them he had at once destroyed them, months before any charge of paternity was made against him. His counsel then asked him to state the contents of these letters, for the purpose of contradicting the plaintiff's evidence, and of proving her intercourse with other men. But the judge ruled that the defendant could not now testify as to their contents.

" Nelson Bowen, a witness for the defendant, testified that about four or five years ago, and between August and February, the plaintiff tossed to him a letter of an indecent character and bearing her name at the foot of it, and that on reading it he destroyed it. ' Don't know as she wrote it,' he said. The defendant then asked him to state the contents of that letter, for the purpose of contradicting the plaintiff's evidence aforesaid, and of proving her intercourse with other men. But the judge ruled that the witness could not testify as to the contents.

" The plaintiff called the physician who attended her at the time of travail, and asked him to state what she then said as to the paternity of the child.   The defendant objected to statements of the plaintiff not made on the stand, but the judge permitted the physician to state that she then charged the defendant with being the father."

*T. M. Stetson,* for the defendant.

*W. H. Peirce,* for the plaintiff.

WELLS, J.   Upon the defence of duress, fraud and covin, the innocence of the defendant, if proved, would be a material fact. The plaintiff undertook to prove his guilt, as a part of her case in chief.   Having denied, on cross-examination, that she had ever had intercourse with any man other than the defendant, it was competent for the defendant to contradict her by any evidence that she had been guilty of such intercourse at or about the time of the commencement of her gestation ; or to offer affirmative proof of such fact independent of the question of contradiction.   But evidence of this sort must apply and be limited to a period such as to admit of the possible inference that the child in question derived its paternity from that intercourse.   If it be too remote in time to admit of that inference, it is not competent, either as affirmative proof, or in contradiction of the plaintiff denying it.   *Eddy* v. *Gray,* 4 Allen, 435.

It does not appear, from these exceptions, that the evidence offered would tend to establish any competent material fact, or to contradict the plaintiff in any material point.   The contents of the letters offered to be proved are stated to be, in one case, " of a vulgar character," and in the other, " of an indecent character."   But the plaintiff's case does not proceed upon the theory of her chastity, either in body or in mind, and therefore such evidence is not material or relevant.   *Commonwealth* v. *Moore,* 3 Pick. 194.   *Phillips* v. *Hoyle,* 4 Gray, 568.

It is stated that this testimony was offered " for the purpose of contradicting the plaintiff's evidence, and of proving her intercourse with other men."   If by this it was meant that the letters tended to establish the fact or probability of such intercourse and thus also to contradict her, because they were vulgar

and indecent, the evidence was not admissible, for the reason above stated. If it was intended that the contents of the letters included statements or admissions of such intercourse, it was still immaterial testimony, unless the statements referred to a period near the time of the probable inception of her pregnancy. From the statement of the evidence offered, and the purpose declared, it does not appear that anything that was material or relevant was excluded. The cross-examination of the plaintiff, and her denials, were general, not having reference to any particular period. That the evidence offered might tend to contradict her in such general denials is not enough to make it admissible, even for the purpose of contradiction. The letters, testified of by the defendant, were said to have been thrown to him about the time the pregnancy was supposed to have commenced; but that does not serve at all to indicate the time of the intercourse with other men, which it was sought to prove by their contents.

The destruction of the letter by the witness Bowen was not a sufficient reason for excluding proof of its contents; and we are inclined to think that the destruction of the letters by the defendant, at the time and under the circumstances stated, should not properly subject him to such unfavorable inferences as to bring him within the rule applied in *Joannes* v. *Bennett,* 5 Allen, 169; but it is unnecessary to decide this, as we are all of opinion that the exception fails to be sustained on other grounds.

The testimony of the physician as to the plaintiff's accusation of the defendant " in the time of her travail" was wrongly admitted. That accusation is made evidence only by statute, applicable to a special statute proceeding. Its admission is not in accordance with the general principles of evidence, and has only the statute provision to define the occasion and the conditions upon which it is to be allowed. The question at issue in this case was not whether there was sufficient evidence in the original proceedings for affiliation to charge the defendant; nor was it even the guilt or innocence of the defendant; but simply whether the bond in suit had been obtained by fraud or duress

The fact that the plaintiff accused the defendant in the time of her travail was not relevant to that issue, and might have had an improper influence upon the determination of the real question on trial. For this cause the verdict must be set aside.

*Exceptions sustained.*