## FOGLEMAN *v.* THE STATE.

WITNESS.—*Impeachment.— Contradictory Statements.—Criminal Law.*—On the trial of a criminal cause, a witness for the State, who had been charged with some crime, its nature not being disclosed, and there being nothing in the case tending to create a suspicion that he was an accomplice or guilty of any crime, was asked on cross-examination if on certain occasions he had not declared that he turned state's evidence in the hope that it would be of advantage to him in his own case; and he having answered in the negative, the court refused to allow him to be contradicted by other witnesses.

*Held,* that such refusal was not error.

APPEAL from the Morgan Circuit Court.

FRAZER, C. J.—This was an indictment for larceny. The appellant was found guilty, and sentenced, after a motion for a new trial had been overruled. Error is assigned upon the overruling of that motion.

The question most pressed by counsel is upon the refusal of the court to give to the jury the rules of law (as they are supposed by the argument to be) concerning the effect of the testimony of an accomplice. But we cannot perceive that the question is in the case. The State called a witness who had been charged with some crime—its nature is not disclosed—which had no connection whatever with the offense for which the defendant was on trial. There was nothing in the case tending to create even the slightest suspicion that the witness was an accomplice, or even guilty of any crime.

This witness was asked, on cross-examination, if on certain occasions he did not declare that he turned state's evidence in the hope that it would be of advantage to him in his own case, and having answered in the negative, the court refused to allow him to be contradicted by other witnesses. There was no error in this. The statements imputed were not inconsistent with the body of his testimony, and would not affect his credit, and, therefore, were not the subject-matter of impeachment in this way. The assump-

tion that he had turned state's evidence, *i. e.*, testified when he might have stood on his privilege to be silent, was, we have seen, gratuitous; for he disclosed nothing that he was at liberty to withhold. He did not turn state's evidence. The inquiry was, therefore, idle and immaterial. Nor would the statement, if true, show any motive for testifying falsely—it would be merely a contradiction of a matter not affecting the cause on trial.

Judgment affirmed, with costs.

*W. R. Harrison, W. S. Shirley, S. Claypool,* and *F. P. A. Phelps,* for appellant.

*D. E. Williamson,* Attorney General, for the State.