KEATING *v.* THE STATE, EX REL. HOMAN.

INSTRUCTION.—Where, on appeal to the Supreme Court, the evidence is not all in the record, if an instruction given would not 'have been correct upon any state of the evidence which might properly have been before the court and jury, the giving of such instruction is a cause for reversal.

BASTARDY.—*Witness.*—*Mother of Bastard.*—In a prosecution for bastardy, the prosecuting witness, being the mother of the illegitimate child, is interested in the event of the suit. So far as the case of *Dailey* v. *The State,* 28 Ind. 285, is inconsistent with the case of *McCullough* v. *The State,* 14 Ind. 391, the former is overruled.

From the Decatur Circuit Court.

*J. S. Scobey* and *O. B. Scobey,* for appellant.

*C. Ewing* and *J. K. Ewing,* for appellee.

DOWNEY, C. J.—This was a prosecution for the support of an illegitimate child, of which the relator alleged she was pregnant at the commencement of the action, and of which she averred the defendant was the father.˙ The defendant was recognized by the justice of the peace, before whom the proceeding was commenced, to the circuit court. He there pleaded a general denial of the charge. The jury found that the defendant was the father of the child, of which the prosecuting witness had been delivered. A motion for a new trial was made by the defendant and overruled by the court. The court then assessed "the damages of the relatrix at the sum of seventy-five dollars," and rendered judgment therefor in her favor, payable in four months from the date of the judgment, with costs.

The overruling of the motion for a new trial is assigned as error.

It appears from the evidence, which is not all in the record, that the child was born on the 1st day of December, 1872, which was after the commencement of this prosecution, and died on the 25th day of January, 1873. The bill of exceptions states that the prosecuting witness testified on the trial of the cause, and does not show whether any other witness tes-

tified or not. The court instructed the jury, *inter alia*, as follows: "The jury are the exclusive judges of the credibility of the witnesses. It is your duty, however, to reconcile the evidence, if it is possible. If this can not be done, then you are at liberty to receive and act upon such testimony as you think worthy of credit and reject such as you think not worthy of credit. In determining the weight you will give to the testimony of any given witness, you will take into consideration the manner in which the witness demeans himself or herself on the stand; the consistency of their statements with other testimony which you believe to be true; the statements, if any, made out of court, inconsistent with those made in; contradictions, if any; the opportunity the witness has to know what he testifies about; the interest, if any, he has in the suit, and all other facts and circumstances surrounding the witness. The relatrix, Jane Homan, and the defendant, John Keating, have been introduced as witnesses, and all that I have said above applies to them as witnesses, except that so far as interest is concerned, the relatrix has no interest in the event of the suit, while the defendant is directly interested in the result."

The giving of this instruction is one of the reasons which was assigned for a new trial.

It is suggested by the counsel for the appellee that, as the evidence is not all in the record, this court will not consider the question as to the correctness of the instruction. The rule is not just as counsel suggest. It is, that if, upon any state of the evidence which might properly have been before the court and jury, the instruction would have been correct, it will be sustained. But if, upon no state of the evidence which can be supposed to have been before the court and jury would the charge have been correct, the giving of the erroneous charge will be cause for reversal.

The bill of exceptions shows that the relatrix was a witness on the trial, and the charge to the jury states that she and the defendant were both witnesses. We are of the opinion that the instruction in question was erroneous in any

view of the evidence which can be supposed to have been properly before the jury.

This question was considered by this court in *McCullough v. The State*, 14 Ind. 391, and this point was ruled contrary to the instruction given by the learned judge in this case. DAVISON, J., says, in delivering the opinion: " In cases of this sort, the prosecuting witness, being the mother of the illegitimate child, is clearly interested in the event of the suit; because, in the event of a conviction, the defendant is adjudged the father of the child, and stands charged with its maintenance and education; but should he be acquitted, the witness, being its mother, would, of course, be obliged to maintain and educate her own child.   This, then, is an interest that directly affects the credit of the witness, and, in this respect, her credibility is, in our opinion, necessarily in question before the jury; hence, it was error in the court to refuse so to instruct them.   In the absence of any statutory rule on the subject, she would have been incompetent on the ground of interest.   *   *   *   But, as the rule now stands, though the mother of the bastard is allowed to testify, still it is the duty of the jury, in weighing the testimony, to consider her interest in the result of the prosecution."

Counsel for the appellee refer us to the case of *Dailey v. The State*, 28 Ind. 285.   The court in that case, RAY, J., delivering the opinion, say : "The instruction leaves out of view the fact that the prosecution is on behalf of the State, for the support of the child, and that the defendant, being liable to be charged with such support, is directly interested in the result.   The relatrix has no such interest, and this fact must be considered by the jury in weighing their testimony."   The court, in this opinion, does not refer to the case of *McCullough v. The State*, either to overrule or to approve it.   The two cases are inconsistent.   One of them ought to be overruled.   We think the rule laid down in the case of *McCullough v. The State* is the correct rule.   The instruction under consideration in the case of *Dailey v. The State* was correctly refused on another ground.   So far

as the case of *Dailey* v. *The State* is inconsistent with the case of *McCullough* v. *The State*, it is overruled. In the case under consideration, the court said to the jury, that the relatrix had "no interest in the result of the suit," and yet the court assessed "the damages of the relatrix at the sum of seventy-five dollars," and rendered judgment in her favor for that amount. We think the judgment will, on account of the erroneous instruction, have to be reversed.

The judgment is reversed, with costs, and the case remanded, for a new trial.