## DECKER *v.* THE STATE, EX REL. HARRELL.

BASTARDY.—*Evidence.*—*Interest of Relatrix.* — *Instruction to Jury.*—On the trial of a prosecution for bastardy, the court, in instructing the jury in relation to the consideration to be given to the interest of the relatrix, in determining her credibility as a witness, stated, "that she has an interest in establishing the paternity of her bastard child, and also in recovering a judgment for money for the maintenance of said child. And of such recovery, if any," she "gets nothing, and has no interest other than that arising from her relationship to the bastard child, such recovery being solely for the support and maintenance of said child."

*Held,* that the last sentence, when considered in connection with the former portion of the instruction, could not mislead the jury, and that the instruction, taken as a whole, was not erroneous.

From the Clay Circuit Court.

*A. T. Rose, J. J. Stephenson, S. M. McGregor* and *J. Tressel,* for appellant.

*W. W. Carter* and *S. D. Coffey,* for appellee.

WORDEN, C. J.—Prosecution, by the appellee against the appellant, for bastardy. Trial by jury, resulting in a verdict and judgment for the plaintiff below.

The appellant has assigned error, raising but two questions, viz.: First, whether the verdict was sustained by the evidence; and, second, whether the court erred in giving a certain charge to the jury.

With regard to the first question, it may be observed, that the testimony of the relatrix, taking it to be true, clearly and unequivocally made out the case. But it is claimed that her story was improbable in itself, and that she was impeached and contradicted by the testimony of other witnesses.

The case was one in which there was simply a conflict of evidence; and we cannot, under the well established practice, disturb the conclusion arrived at below, upon the evidence.

The instruction complained of is as follows :

" This is a prosecution in the name of the State of Indiana, on the relation of Martha E. Harrell, against William Decker, to recover for the maintenance of the bastard child

of the relatrix.   Interest in the result of a suit does not dis-
qualify as a witness, but such interest may be considered by
you in determining the credibility of the witness, and the
weight to be given to his or her testimony.   That the
defendant, William Decker, is interested in the result of the
suit, is patent.   The relatrix, Martha Harrell, is also inter-
ested, in this, that she has an interest in establishing the
paternity of her bastard child, and also in recovering a judg-'
ment for money for the maintenance of said child.   And of
such recovery, if any, Martha Harrell gets nothing, and has:
no interest other than that arising from her relationship to
the bastard child, such recovery being solely for the support ᐧ
and maintenance of said child."

It is claimed that the charge was incorrect as to the inter-
est of the relatrix in the action, and, therefore, that the
proper basis was not given to the jury by which to judge of
the credence that should attach to her evidence.

In the case of *McCullough* v. *The State, ex rel.*, etc., 14 Ind.
391, it was held, that " in cases of this sort, the prosecuting
witness, being the mother of the illegitimate child, is clearly
interested in the event of the suit; because, in the event of
a conviction, the defendant is adjudged the father of the
child, and stands charged with its maintenance and educa-
tion; but should he be acquitted, the witness, being its
mother, would, of course, be obliged to maintain and edu-
cate her own child.   This, then, is an interest that directly
affects the credit of the witness, and, in this respect, her
credibility is, in our opinion, necessarily in question before
the jury; hence, it was error in the court to refuse so to
instruct them."

A different ruling was had in the case of *Dailey* v. *The
State, ex rel.*, etc., 28 Ind. 285, where it was held that the rela-
trix in such case had no direct interest in the result of the
suit.

But in *Keating* v. *The State, ex rel.*, etc., 44 Ind. 449, the
case in 28 Ind., *supra,* was overruled on this point, and that
in 14 Ind., *supra,* followed.

But the charge given, it seems to us, was substantially correct. It informed the jury that the relatrix was interested in establishing the paternity of the child, and in recovering a judgment for money for its maintenance. This is, in substance, the interest stated in the case above cited from 14 Ind.

The charge goes on, to be sure, to state, that, if money was recovered, the relatrix would not get it, and that she had no other interest than that arising from her relationship to the child, the recovery being solely for the support and maintenance of the child. This part of the charge, taken in connection with the preceding, could not have misled or have been misunderstood by the jury. The court, doubtless, meant, and the jury must have understood, that the relatrix would not be entitled to the money in her own right, or for her own benefit, but that her interest in it grew out of her relationship to the child. Her relationship to the child gave her, as long as she was living and a proper person to receive the money, a right to the annual payments, for the maintenance and education of the child. 2 Rev. Stat. 1876, p. 659, sec. 15.

The judgment below is affirmed, with costs.