## RAWLES *v.* THE STATE, EX REL. FORD.

BASTARDY.—*Evidence.*—*Declarations.*—On the trial of a prosecution for bastardy, evidence of declarations by the relatrix of her affection for others than the defendant are inadmissible.

SAME.—The fact that the defendant in such case, while being cross-examined as a witness, over the objections of his counsel, wrote his name on

paper, under the instruction of the court that he might do so or not, as he pleased, is not error.

SAME.—*Impeaching Witness.*—*Moral Character.*—Evidence of the general moral character of a witness, introduced for the purpose of impeaching him, must be confined to the time at which he testifies, and to the neighborhood wherein he then resides.

SAME.—Evidence of the general moral character of the relatrix in a prosecution for bastardy can not be supplemented by evidence particularizing in what respect it is bad.

SAME.—*Chastity.*—Evidence of the general reputation of the relatrix for chastity is immaterial.

SAME.—Evidence in such case of the declarations of a witness as to the time when he had been in the society of the relatrix, offered to impeach him upon his denial of having made such declarations, is immaterial.

SAME.—*Declarations of Witness.*—A question put to a witness in such case, as to his declarations to another, that he knew of others than the defendant, who had had sexual intercourse with the relatrix at the time her child was begotten, is immaterial.

SAME.—*Gift.*—Evidence in such case, that the relatrix had received gifts from men other than the defendant, is immaterial.

SAME.—*Interest of Relatrix.*—*Instruction to Jury.*—On the trial of such cause, the court instructed the jury, that, "under the law, in cases of this character, the evidence of the relatrix should have more weight than that of the defendant, because he has a pecuniary interest in the result of the suit, and she has not."

*Held,* that such instruction is erroneous.

SAME.—*Infant.*—*Arrest of Judgment.*—Where it does not appear from the pleadings, that the defendant in such action is a minor, a motion in arrest of judgment, alleging the failure of the court to cause him to appear by guardian, or guardian *ad litem,* should be overruled.

From the Tippecanoe Circuit Court.

*R. P. DeHart* and *J. R. Coffroth,* for appellant.

HOWK, J.—The relatrix of the appellee filed her complaint before a justice of Benton county, alleging therein that she had been delivered of a bastard child, which was then living, and that the appellant was the father of said child. Afterward, in the Benton Circuit Court, on the appellant's application, the venue of the action was changed to the court below.

The cause was tried by a jury, in the court below, and a verdict was returned for the appellee, that the appellant was the father of the bastard child named in the com-

plaint.   On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and to this decision appellant excepted.   And the appellant moved the court below in writing in arrest of judgment, which motion was overruled, and to this decision appellant excepted.   And judgment was rendered upon the verdict by the court below, from which judgment the appellant now prosecutes this appeal.

In this court, the appellant has assigned the following alleged errors of the court below:

1st.   In overruling appellant's motion for a new trial; and,

2d.   In overruling appellant's motion in arrest of judgment.

In his motion for a new trial of this cause, the appellant assigned the following alleged causes therefor:

1.   Because the verdict was not sustained by sufficient evidence;

2.   Because the verdict was contrary to law; and,

3.   Because of irregularity in the proceedings of the court below during the trial, by which the appellant was prevented from having a fair trial, and because of error of law occurring at the trial, in this, to wit:

"*A.*"   Because the court erred, in refusing to allow the appellant to ask the relatrix, as a witness, on cross-examination, the following question:   "Did you not say to Lina Patterson, about the time the child was begotten, at her house, that you liked Ed. Rawles a great deal better than you did Joseph, the defendant?"

"*B.*"   Because the court erred, in refusing to allow the appellant to ask the relatrix, as a witness, on cross-examination, the following question:   "Did you not say to Lina Patterson, at her father's house, about Christmas, 1872, that you liked Ed. Rawles a good deal better than you did Joe, the defendant, that Joe would never talk to you?"

"*C.*"   Because the court erred, in overruling appellant's

objections to appellee's demand, that the appellant should write his name in the presence of the jury.

"*D.*"   Because the court erred, in refusing to allow the appellant to ask the witness, James Ford, the following question: "Are you acquainted with the general moral character of the said relatrix, Maria Ford?"

"*E.*"   Because the court erred, in refusing to allow the witness, James Ford, to state in what respect the general character of Maria Ford was bad.

"*F.*"   Because the court erred, in refusing to allow the appellant to ask the witness, James Ford, the following question: " Were you acquainted with the general reputation of the said relatrix, Maria Ford, for chastity, along and about last December a year ago?"

"*G.*"   Because the court erred, in refusing to allow the appellant to ask the witness, Bowman, the following question: "If he, witness, did not, on the 1st day of March, 1874, at his, witness,' house say to appellant, that he, witness, knew of Maria Ford having had connection with other parties in the months of December, 1872, and January, 1873?"

"*H.*"   Because the court erred, in refusing to allow the appellant to ask the witness, Ed. Rawles, the following question; " What do you know, if any thing, of Maria Ford, the relatrix, getting a ring from David Northcutt in December, 1872, when he was here at your father's house?"

"*I.*"   Because the court erred, in refusing to allow the appellant to ask the witness, Chas. Morehouse, the following question: "Are you acquainted with the general moral character of Maria Ford, the said relatrix, in the neighborhood where she is best known?"

"*K.*"   Because the court erred, in refusing to allow the appellant to ask the witness, John Rawles, the following question: " What, if any thing, did the witness, David Northcutt, say to you, about the time of the commencement

of this prosecution, in this city at the court-house, about the paternity of Maria Ford's child?"

"*L.*" Because the court erred, in giving to the jury the following instruction: "Under the law, in cases of this character, the evidence of the relatrix should have more weight than that of the defendant, because he has a pecuniary interest in the result of the suit, and she has not."

A bill of exceptions containing the evidence, the instructions of the court below to the jury, the decisions of the court in the exclusion of offered evidence, and the appellant's exceptions thereto, is properly in the record.

In his argument of this cause, in the court below, the appellant very evidently places his chief reliance for a reversal of the judgment of the court below, upon the third cause assigned in his motion for a new trial and the alleged irregularities and errors of law occurring at the trial, specified in said third cause for such new trial. These alleged irregularities and errors of law we will consider, and decide the questions thereby presented, in the alphabetical order in which they have been assigned in the motion for a new trial.

"*A.*" By the question set out in this alleged error of law, the appellant informed the court below, that he expected to prove by the relatrix of the appellee, that, about the time her child was begotten, she had said to one Lina Patterson that she liked Ed. Rawles a good deal better than she did the appellant. It can hardly be said that the evidence thus offered tended, even remotely, to prove either that Ed. Rawles was, or that the appellant was not, the father of the bastard child. In our view the offered evidence was wholly immaterial, and was therefore properly excluded.

"*B.*" On his cross-examination of the relatrix, as a witness, the appellant offered to prove by her answer to the question set out in this alleged error of law, that the relatrix had said to Lina Patterson, about Christmas, 1872,

that she liked Ed. Rawles a great deal better than she did Joe, the appellant; that Joe would never talk to her. The fact to be proved by this evidence was wholly immaterial; for, in such cases as this, it isn't "talk" that does the mischief. Besides, it would seem from the record, that the offer of the proposed evidence was not made in good faith, or with any expectation that the relatrix would testify to the alleged declaration implied in the question. For the appellant informed the court below that, "in the event said relatrix denied said declaration," he would "prove the same by said Lina Patterson." We infer, therefore, that the appellant propounded the question to the relatrix, not for the purpose of proving that she had made any such declaration, but with the expectation that she would deny that she had made such declaration, and then the appellant could contradict her by the evidence of Lina Patterson. In our opinion the offered evidence was properly excluded by the court below.

"C." It appears from the record, that, while the appellant was under cross-examination as a witness, on the trial, "counsel for the State asked witness to write his name on a piece of paper; the counsel for the defendant objected; the court overruled the objections, and defendant's counsel excepted, the court remarking that he would not compel the witness to write his name, but that he could refuse or not, as he pleased; that he would not fine him for a contempt; here the witness wrote his name, as requested by the counsel for the State." This is all that the record discloses in connection with this irregularity, if such it may be termed, in the proceedings of the court below. We fail to see that this so-called irregularity did or could prevent the appellant from having a fair trial of this cause.

It does not appear, that the counsel for the State used, or offered to use, the appellant's writing, after he had written his name, in any manner or for any purpose, on the trial of this cause.

It is not every irregularity in the proceedings of the court, which will constitute a good cause for a new trial; but the irregularity must be of such a character as to prevent the party from having a fair trial. 2 R. S. 1876, p. 179, sec. 352. In our opinion, the alleged irregularity, complained of by appellant in this case, if it had any effect on the trial, tended to his benefit rather than to his injury.

" *D.*" Appellant insists, that the court below erred, in sustaining an objection to this question: " Are you acquainted with the general moral character of the relatrix, Maria Ford? " By the last clause of section 242 of the practice act, it is provided, that " In all questions affecting the credibility of a witness his general moral character may be given in evidence." 2 R. S. 1876, p. 136. The record does not expressly show upon what ground the court below sustained the objection of the State to this question. It is manifest, however, that the question was too broad and unlimited in its terms. It has been repeatedly held by this court, that evidence for the purpose of impeachment should have reference to the general moral character of the witness at the time he testified, and in the neighborhood where he then resided. *The City of Aurora* v. *Cobb*, 21 Ind. 492; *Chance* v. *The Indianapolis, etc., Gravel Road Co.*, 32 Ind. 472; *Stratton* v. *The State*, 45 Ind. 468.

We see no reason, in this case, for changing the rule laid down in the cases cited; and, under this rule, the court below did not err, in sustaining an objection to appellant's question.

" *E.*" A witness for the appellant had testified, that he was acquainted with the general moral character of the relatrix of the appellee where she lived; and that " it is only tolerable — it is bad." The witness was then asked by the appellant this question: " In what respects is her general moral character bad? " To this question, the counsel for the State objected, and the objection was sustained by the court below, the appellant having offered to

prove that the general reputation of the relatrix for chastity was bad, and that the witness knew said general reputation.

In our opinion, the court below committed no error, in refusing to allow the witness to state in what respects the general moral character of the relatrix was bad. By filing her complaint against the appellant in bastardy, she had confessed, and made a public record of the fact of, her want of chastity; and that was the only fact which the offered evidence would even tend to prove. Her chastity was not in issue; but her want of chastity was an admitted fact. And in so far as it might affect her credibility as a witness, the admitted fact would certainly have more weight than mere reputation of the fact.

" *F.*" Appellant offered to prove on the trial, that the witness knew the general reputation of the relatrix for chastity " about last December a year ago," and that said reputation was bad; but the court below excluded the offered evidence. In this decision there was no error. Of course, the relatrix was unchaste, and she had admitted under oath her want of chastity " about last December a year ago," when she testified that at that time her bastard child was begotten. Proof of her general reputation for unchastity would only tend to prove her want of chastity at the time mentioned, and that was an admitted fact. But neither the fact itself, nor the offered evidence of the fact, would have any tendency whatever to prove that the appellant was not the father of the relatrix's bastard child. We think, therefore, that the offered evidence was properly excluded.

" *G.*" Appellant offered to prove by one of his own witnesses, that he, the witness, at a certain time and place, had said to the appellant, that he, the witness, knew of several persons having connection with the relatrix in the months of December, 1872, and January, 1873; but the offered evidence was excluded by the court below. That the court did not err, in excluding this evidence, if such

it may be called, is not a debatable question. It is self-evident.

"*H.*" Appellant offered to prove by a witness, that the relatrix of the appellee, in December, 1872, at the house of appellant's father, received a ring from "Dave Northcutt," but the court below excluded the offered evidence. There was no error in this decision.

"*I.*" A witness was asked by the appellant the following question:

"Are you acquainted with the general moral character of Maria Ford, the relatrix, in the neighborhood where she is best known?'

An objection to this question was sustained by the court below, and the appellant then offered to prove by the witness, that he was acquainted with the general moral character of the relatrix in the neighborhood where she was best known, but the evidence was excluded. In our opinion, there was no error in this decision of the court below. The neighborhood in which a party is best known is a matter of opinion, in regard to which there might well be a difference of opinion, but the neighborhood in which a party resides is a matter of actual fact, in regard to which there could be but little, if any, reason for controversy. We think, therefore, that the enquiry into the general moral character of a witness, as affecting his or her credibility, should be limited, as it is in this State, to the neighborhood in which the witness then resided.

"*K.*" Appellant offered to prove by a witness in his behalf, that one Dave Northcutt had told the witness "voluntarily," that he, Northcutt, had the time set down when he went with relatrix, and that if her time was not right, he would beat her, but, if otherwise, and he could not get out of it, he would marry her and leave her; but the court below excluded the offered evidence. This evidence was offered, probably, for the purpose of contradicting Northcutt, who had testified during the trial, that

he did not say to appellant's witness, "I've got the time set down when I went to see her, and her time will have to tally with mine." It seems to us that the offered evidence was properly excluded, on the ground of its utter immateriality. If the evidence had been admitted, it would not have tended, even in the remotest degree, to establish any fact material to the issues in this case. The contradiction of the evidence of Northcutt on so immaterial a point, or even his successful impeachment, could not have benefited the appellant in this case; for Northcutt's evidence had no tendency whatever to injure the appellant. His evidence affirmed nothing in regard to either the appellant or the prosecuting witness, but it was wholly of a negative character.

"*L.*" The court below gave the jury trying the cause the following instruction:

" Under the law, in cases of this character, the evidence of the relatrix should have more weight than that of the defendant, because he has a pecuniary interest in the result of the suit, and she has not."

This instruction is erroneous. The relatrix has a pecuniary interest in the result of the suit; for, by the express terms of the statute, the money realized from the suit is to be paid over to the relatrix, for the maintenance and education of her child. 2 R. S. 1876, p. 659, sec. 15; *Keating* v. *The State, ex rel., etc.,* 44 Ind. 449; *Decker* v. *The State, ex rel., etc.,* 53 Ind. 552.

The second alleged error in this case is, that the court below erred, in overruling appellant's motion in arrest of judgment. This motion was in writing, and the cause assigned therein, in support of the motion, was this: "Because the defendant is a minor, under the age of twenty-one years, and no guardian *ad litem* nor guardian in fact has been appointed for him, nor has any appeared for him in his defence in this action." The cause assigned does not appear in any of the pleadings. "A motion in arrest of judgment reaches any defect in the pleadings not

cured by the verdict or the statute of amendments, or waived by failure to demur." Buskirk's Prac. 264. *Waugh* v. *Waugh,* 47 Ind. 580. The motion in arrest of judgment, in this case, was properly overruled.

In conclusion, we hold, that, by reason of its erroneous instruction to the jury, the court below erred, in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, and the cause is remanded, for a new trial.