KIDWELL v. THE STATE.

CRIMINAL LAW.—*Incest.—Evidence.—Impeaching Witness.*—The fact as to whether or not the prosecuting witness had become pregnant by means of sexual intercourse had by her with others than the defendant, and her declarations in relation thereto, are immaterial and irrelevant, on the trial of a defendant indicted for incest, either for the purpose of impeaching her testimony or for any other purpose.

SAME.—*Reputation for Chastity and Virtue.*—Evidence attacking her reputation for chastity and virtue is inadmissible.

From the Marion Criminal Circuit Court.

*H. N. Spaan*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant for incest committed with his daughter, Alice Kidwell. Plea, not guilty.

Trial by jury; verdict, guilty; punishment, eight years in the state-prison.

Motion for a new trial overruled; exceptions; judgment; appeal.

The following questions are presented by the record, and discussed by the appellant:

1. As the basis of impeachment, the appellant asked the prosecuting witness the following question:

" Did you not go with your father, about the 15th day of May, 1876, to the office of Dr. S. H. Moore, in this city, No. 155 North Tennessee street, for the purpose of having yourself examined by him? and did he not examine you and tell you that you were pregnant? and did you not tell him that a young man in the country was the father of your child?"

To this question the witness answered, " I did not."

At the proper time the appellant called Dr. S. H. Moore as a witness, and, after fixing the time and place as above, propounded to him the following interrogatory as an impeaching question:

" State whether or not, during the said conversation, she (the prosecuting witness) stated to you that a young man from the country was the father of her child? "

To this question the State objected, on the ground that the question was irrelevant and immaterial. The court sustained the objection, and the appellant excepted.

There is no error in this ruling. The question was both irrelevant and immaterial to the issue. The fact that the girl was pregnant, and that the father of her child was a young man from the country, neither tended to prove nor disprove the guilt or innocence of the defendant, as charged. The question of the paternity of the child is not involved. The law does not experiment in impeachments as to facts not relevant to the issue in the case. *Shields* v. *Cunningham*, 1 Blackf. 86; *McIntire* v. *Young*, 6 Blackf. 496; *Glenn* v. *The State, ex rel.,* etc., 46 Ind. 368.

The appellant offered to prove by a competent witness, that the prosecuting witness had, from the time she was fourteen years of age up to the time of the trial, borne a bad reputation for virtue and chastity. An objection was sustained to this evidence.

This ruling is correct. Her reputation for virtue and chastity was not material to the charge of incest, and the evidence was not proper to impeach her general character for truth and veracity. *Fogleman* v. *The State,* 32 Ind. 145; *Fletcher* v. *The State,* 49 Ind. 124; *Farley* v. *The State,* 57 Ind. 331; *Richie* v. *The State,* 58 Ind. 355; *Rawles* v. *The State, ex rel.,* etc., 56 Ind. 433.

The appellant moved the court to arrest the judgment. His motion was overruled; he excepted, and assigned the ruling as error, but has not discussed the question in his brief. We can discover no ground for the motion.

There is no error of law in the record. The evidence sustains the verdict.

The judgment is affirmed, at the costs of the appellant.