No. 717.

## HAVERSTICK v. THE STATE, EX REL. HAVERSTICK.

CONTINUANCE.—*When Statement is too Vague and Indefinite.*—*Absent Witness.*—A motion for a continuance because of the absence of a witness, which, on the question of diligence, stated, in substance, that the affiant has, for the months of September and October, 1891, been on the lookout, and has made frequent inquiries, for him, does not show sufficient diligence to procure the witness or his testimony, the statements being too vague and indefinite.

EVIDENCE.—*Bastardy.*—*Proof that Relatrix Kept Company with Another About Time of Conception.*—*Evidence Tending to Prove Intercourse with Another.*—In a bastardy proceeding, the defendant offered to testify in his own behalf that in August, and prior thereto, the relatrix having testified that the child was begotten in September, the relatrix was keeping company with another person, and to follow this testimony up with proof tending to show sexual intercourse with such other person. The relatrix not having been cross-examined as to such occurrence, and only stating that she did not keep company with said other person in August, nor at any other time, which was immaterial, it was not error to exclude such proffered testimony.

SAME.—*Privileged Communication.*—*Physician.*—*Admission.*—*Harmless Error.*—Where, in such proceeding, the testimony of a physician who had made an examination of the relatrix, at her request, was excluded on the ground of privilege, as claimed by the physician, such exclusion was harmless, even if not privileged, in view of the fact that the substantial portion of such testimony was admitted by the relatrix.

From the Marion Circuit Court.

*G. W. Spahr,* for appellant.

*C. E. Cox,* for appellee.

REINHARD, J.—The appellant was tried by the court, and found to be the father of the relatrix's bastard child. The first ground upon which the reversal of the judgment is asked is the overruling of a motion for a continuance for an absent witness. We need not decide whether the proposed testimony of the absent witness was competent or not. It is certain that the appellant has failed to show, in his affidavit, any diligence whatever. in the procuring of

the witness or his deposition. It is stated, in the affidavit, that the witness "resides in West Indianapolis with his sister, but is now temporarily absent in Ohio, visiting friends, but is expected home, by his sister, every day."

The affiant says "that he has, for the months of September and October, 1891, been on the lookout, and has made frequent inquiries, for said" witness. It is not shown when the witness left his home for Ohio, nor whether a subpœna was issued and served upon him or not. For aught that appears, he might have gone away the day before the affidavit was made. The fact that the affiant has "for the months of September and October, 1891, been on the lookout, and has made frequent inquiries, for" him, is not inconsistent with the witness' being at home, or within the jurisdiction of the court, so that a subpœna might have been served upon him or his deposition taken. No reason whatever is given why this was not done. Nor is it disclosed where the "frequent inquiries" were made, or at what point the appellant was "on the lookout" for the witness. Such vague and indefinite statements will not suffice to show diligence. 1 Work's Pr., section 741.

The affidavit was clearly insufficient in this regard, and the motion was properly overruled.

The appellant, during the trial of the cause, offered to prove by himself that the relatrix was "keeping company" with one Baldwin in August and prior thereto—the relatrix having testified that the child was begotten in September—and to follow it up with proof that Baldwin was cognizant of the pregnancy of relatrix, and was, in fact, the first one who knew it. The court excluded this testimony, and the appellant insists that this was error. The alleged purpose of this testimony was to show that the child was in fact begotten in August, and by some one other than the defendant. The court proposed to let the testimony go in if the appellant would follow it up with proof of sexual intercourse during August. Appellant's

counsel then stated he would offer proof *tending to show* such intercourse. No effort was made, however, to introduce such testimony. We find no error in this ruling.

The relatrix was not asked, upon cross-examination, whether or not, in August, she had sexual intercourse with Baldwin. She stated, in her testimony, that she did not keep company with Baldwin in August, or at any other time. By this denial the appellant was bound. He could not impeach her on an immaterial matter. That she kept company with another would in no wise tend to throw light upon the paternity of the child, and no effort was made to prove that she had illicit intercourse with Baldwin, or any one other than the appellant. The evidence was not competent. *Houser* v. *State, ex rel.*, 93 Ind. 228; *Rawles* v. *State, ex rel.*, 56 Ind. 433.

During the trial the appellant introduced a witness who stated that he was a practicing physician, and that he had been called upon by the relatrix to examine her. The witness was then asked in reference to his observations as to how far the pregnancy had advanced, and whether or not he told the relatrix she was pregnant and would be delivered of a child within two or three weeks, and how long, in his opinion, she had been pregnant. The testimony was objected to by appellee's counsel "as incompetent and immaterial, and not throwing any light on the matter before the court." The court ruled it was material, however. Thereupon the witness stated he would not like to testify, if not compelled to do so, as he considered this information privileged. The court, over appellant's exception, ruled that the witness was not compelled to disclose the facts within his knowledge, and stated that the physician himself could take advantage of this privilege as well as the relatrix.

There was some apparent uncertainty as to the time of conception, the relatrix having testified that the act took place in September, while some circumstances pointed

strongly to the fact that it must have occurred prior to that time. The testimony, if proper otherwise, might have been competent as tending to prove that the pregnancy, judging from its apparent stage of progress at the time of the examination, must have occurred as early as August. But if there was any error committed in the exclusion of this testimony, it was cured by the admission of the substantial portion of it by the relatrix, while on the witness stand. The error, if any, was, therefore, harmless, and we need not decide the point of its being privileged or otherwise.

The remaining errors discussed relate to the sufficiency of the evidence. This is conflicting, and we can not disturb the judgment on that account. The court had a right to believe the relatrix, and if so it rightfully concluded that the appellant was the father of her child.

Judgment affirmed.

Filed December 15, 1892.

## OPINION ON PETITION FOR A REHEARING.

DAVIS, J.—We have carefully considered the petition for a rehearing, the granting of which is earnestly urged by counsel for appellant. In our investigation of the question presented, we have read the entire record and have closely scrutinized all the evidence. The writer is of the opinion that, ordinarily, in prosecutions for bastardy, where the defendant denies the sexual intercourse, it is competent for the defendant to introduce testimony, if he can, to establish the fact that other men were associating, or keeping company, with the relatrix at or about the time conception should have taken place. Such evidence may or may not tend to support the theory that she had illicit intercourse with other men. Of course such testimony should be confined within proper limits, and its effect will

Haverstick *v.* The State, *ex rel.* Haverstick.

depend on the circumstances in each particular case. The overt act of sexual intercourse on the part of relatrix and another man, is usually difficult, if not impossible, to establish in behalf of the defendant, and such defense, if relied on, must of necessity, as a general rule, be supported by circumstantial evidence. In my opinion, where the attorney for the defendant in such case offers, in response to a proper question, to prove that, within a few days of the time when conception is claimed by the relatrix to have taken place, she, a young unmarried woman, was keeping company with another man, and proposes, in the same connection, to follow it up with competent evidence tending to show that at such time she had sexual intercourse with such other man, such evidence is competent, and it is error for the court to exclude it. The defendant should not be required, as preliminary to such proof, to say that he would follow it up with evidence showing the overt act of such intercourse. The offer to introduce evidence tending to support that theory makes it competent. The weight or effect of such evidence when introduced is, of course, for the trial court or jury. In this case the trial was by the court, and a patient and thorough investigation convinces us that if there was any error in the adverse ruling of the court against the defendant, such error, under the facts and circumstances disclosed by the record, was harmless.

The writer indorses the original opinion, with the exception of the views herein expressed inconsistent therewith, and, subject to the modification indicated, concurs in overruling the petition for a rehearing.

Petition overruled.

Filed May 13, 1893.