## THE STATE v. WINNINGHAM, *Appellant*.

### Division Two, November 5, 1894.

1. **Criminal Practice**: .CONTINUANCE: BILL OF EXCEPTIONS. The ruling of the trial court denying an application for a continuance can not be considered on appeal, unless it is preserved in the bill of exceptions.

2. ———: ———: ———. Nor can such omission be supplied by a supplemental bill filed out of time.

3. **Criminal Law**: INCEST: EVIDENCE. The admission in evidence, on a trial for incest, of letters shown to have been written, though not signed, by defendant is not error.

4. ———: ———: ———. Proof that the female was guilty of improper relations with other men is no defense to such charge of incest.

*Appeal from Miller Circuit Court.*—HON. D. W SHACKLEFORD, Judge.

AFFIRMED.

*L. N. Musser*, for appellant.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The indictment is sufficient. Sec. 3795, R. S. 1889. (2) Defendant assigns in his motions for new trial as one of the errors alleged to have been committed, the overruling of his application for a continuance,

but has since evidently abandoned it for he has failed to preserve it in his bill of exceptions, or to save any exceptions to the action of the court in overruling same. *State v. Foster*, 115 Mo. 451; *State v. Elvins*, 101 Mo. 243; *State v. DeMosse*, 98 Mo. 344. He will be taken to have acquiesced in this ruling. Not having been properly preserved, it will not be considered by this court. It has no place in the record proper but should be preserved in the bill of exceptions. *Railroad v. Carlisle*, 94 Mo. 169; *Williams v. Railroad*, 112 Mo. 485; *Bateson v. Clark*, 37 Mo. 31. (3) There was no error in admitting the letters written by defendant. (4) The testimony tending to prove improper relations between the prosecutrix and one Atwell was properly excluded. 10 Am. and Eng. Encyclopedia of Law, 345; *Kidwell v. State*, 63 Ind. 384; *State v. Miller*, 65 Iowa, 65. (5) The instructions given are complained of for the first time in defendant's motion for new trial. This is too late. *State v. DeMosse, supra; State v. Elvins*, 101 Mo. 246; *State v. Rambo*, 95 Mo. 462.

GANTT, P. J.—At the September term, 1893, of the circuit court of Miller county, the defendant was indicted for incest with his niece M. R. E. Johnson. He was duly arraigned at the March term, 1894, plea of not guilty entered, and was tried and convicted as charged, and sentenced to five years in the penitentiary, and has appealed to this court. Defendant has made no appearance in this court since filing the transcript on the twenty-sixth of June last.

There was abundant evidence of the guilt of the prisoner, but no good purpose could be subserved by spreading the evidence of his degradation at length in the registered decisions of this court.

We find no error in the record proper, and will determine the grounds alleged in the motion for new

trial, in the absence of a formal assignment of errors in this court.

I. The action of the circuit court in refusing a continuance was not preserved in the bill of exceptions and hence can not be considered. The attempt to supply the omission in the bill of exceptions, by filing a supplemental bill after the adjournment of court, and after the time within which the bill of exceptions might be filed as permitted by the order of the court, is futile, and said supplemental bill must be ignored in the determination of this appeal. *Williams v. Railroad*, 112 Mo. 485; *Railroad v. Carlisle*, 94 Mo. 166.

II. There was no error in the admission of the various letters of the defendant in evidence, merely because he omitted to subscribe his name to them. They were shown to be in his handwriting and Miss Johnson, to whom they were directed, testified to the arrangement made with her by defendant by which they were to be placed under the stone or by the log and they were found there, and defendant was seen in the immediate vicinity of the log about the time they were deposited there.

III. Neither was there any error in excluding the evidence tending to show that the niece had unlawful sexual relations with other young men. Had it been established beyond a reasonable doubt, it would have been no defense to this charge of incest against her uncle. When the relationship of the defendant to his niece was proved and the sexual intercourse with her by her consent, the crime was established, and proof even that she was a prostitute would not have excused or mitigated his offense. *Kidwell v. State*, 63 Ind. 384; *State v. Strattman*, 100 Mo. *loc cit.* 551.

IV. No instructions were asked by defendant and no exceptions saved to those given by the court. We have, however, examined the instructions and found no

error in them.   They were as favorable to defendant as he could have demanded.

The evidence fully sustains the verdict and the judgment is affirmed.   All concur.

