THE STATE, EX REL. FISHER, *v.* CAREY.

[No. 2,956. Filed November 24, 1899.]

INSTRUCTIONS.—*Evidence.*—An objection to an instruction as not being applicable to the evidence is not available where there was some evidence on the question to which it was directed. *p. 379.*

SAME.—*Bastardy Prosecution.*—*Credibility of Relatrix as a Witness.* —No error was committed in instructing the jury in a bastardy prosecution that in determining the credibility of the prosecuting witness the jury might take into consideration her interest in the result of the suit, but the fact that she was the prosecuting witness would not permit them to give her evidence any less or greater weight than if they were considering her evidence in a case of another kind in which she might be interested. *pp. 379, 380.*

From the Hamilton Circuit Court.  *Affirmed.*

*Robert Denny* and *Joel Stafford,* for appellant.

*S. D. Stuart, C. G. Reagan, J. A. Roberts* and *M. Vestal,* for appellee.

COMSTOCK, C. J.—Appellee was prosecuted in the court below for bastardy.  The trial resulted in a verdict and judgment in his favor.  The action of the court in overruling appellant's motion for a new trial is the only error assigned on this appeal, and the giving to the jury of instructions, and each of them, numbered respectively one, five, and eight, requested by appellee and which are stated as reasons for a new trial in the motion are alone discussed; others are therefore waived.  The objection to instruction number one is that it is not applicable to the evidence.  An examination of the record discloses that there is evidence on the question to which it is directed, and therefore, however slight or unsatisfactory that evidence may have been, it was not error to give it.

The fifth instruction told the jury that in determining the credibility of the prosecuting witness they might take into consideration that she was interested in the result of the suit, but that the fact that she was the prosecuting witness would not permit them to give her evidence any less or greater weight than if they were considering her evidence in a case of another kind in which she might be interested.  It is claimed that this instruction invades the province of the jury in undertaking to measure the interest of the relatrix in the result of the suit.  The instruction tells the jury that the relatrix is interested in the result of the suit, which was not improper, (*Keating* v. *State*, 44 Ind. 449); that they *may*, not that they *must*, take the fact into consideration as affecting her credibility, thus indicating that it was their right, not their duty, to consider such fact.  This form of instruction is uniformly approved.  From the latter clause, the jury could only have understood that the credibility of a witness should

not depend upon the character of a cause in which she testified. We are unable to see that this instruction was prejudicial to appellant.

The eighth instruction relates to evidence introduced on behalf of appellee to prove an alibi. It is claimed that the court commented on that part of the testimony given in favor of appellant, and did not refer to all the testimony given in reference to the alibi attempted to be proved by appellee; and that the court failed in that and in every other instruction to tell the jury that they were the exclusive judges of the facts proved. Counsel are in error in stating that the jury were not told that they were the exclusive judges of the facts proved. They were so instructed in charge number eight of those requested by appellant. We do not find that the court commented upon the testimony in favor of appellant. The instruction informed the jury that the defendant had introduced evidence for the purpose of proving that he was not with the relatrix at the date of her conception as claimed by her, and concluded with the following statement "these are matters together with all the evidence given in the case you may consider in determining whether or not the defendant is the father of the relatrix's child." We do not find the instruction open to the objections urged.

Judgment affirmed.