# CHARLESTON

### STATE v. KOCH.

## Submitted January 27, 1915. Decided February 16, 1915.

1. INCEST—*Evidence—Parentage of Child.*

    Where on the trial of one indicted for incest with his daughter, the State relies on and attempts to prove by her the birth and parentage of her child, and to impute the same to defendant, as inculpating facts or circumstances tending to show guilt, the evidence is material and relevant, and is properly admitted to the jury. (p. 650).

2. WITNESSES—*Cross-Examination—Impeachment—Foundation.*

    Where on such trial the daughter, as prosecutrix, is permitted to give in evidence to the jury the fact of the birth of her child and to impute its parentage to her father, she is subject to cross-examination thereon, and it is error to deny defendant the right to such cross-examination, and the foundation being laid therefor she is liable also to be impeached by showing that she has made contradictory statements in relation thereto on other occasions. (p. 651).

3. CRIMINAL LAW—*Instructions—Witnesses—Credibility.*

   Instructions to the jury given and refused, and presenting no new or novel propositions, considered and disposed of on the several assignments of error relating thereto, upon the principles enunciated in points one and two of this syllabus, and on other familiar legal rules and principles.    (p. 651).

Error to Circuit Court, Jackson County.

A. E. Koch was convicted of incest, and brings error.

*Reversed, and new trial awarded.*

*Stone & Wolfe,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MILLER, JUDGE:

Defendant was indicted, and, on the uncorroborated evidence of the prosecuting witness, a married daughter, convicted of incestuous sexual intercourse with her, and by the judgment complained of was sentenced to serve a term of two years imprisonment in the state penitentiary.

The first point of error, in logical sequence, relied on for reversal, is that the court below, over defendant's objection, permitted the State to prove by the prosecutrix that about two months before her marriage, which occurred May 27, 1911, she became pregnant, and that the defendant, her father, was the father of her child; and that after allowing this evidence to go to the jury the court had erred in other particulars in relation thereto, namely, first, in denying defendant's motion to strike out witness' testimony relating to the paternity of the child; second, in denying defendant the right to cross-examine her in relation thereto, and particularly whether prior to her marriage and about the time of her conception witness had not had sexual intercourse with her husband; and, third, and as a foundation for contradiction, whether she had not stated to the justice before whom and at the time she sued out the warrant against defendant that about two months before her marriage she had had sexual intercourse with her husband; fourth, in refusing to permit defendant to prove by said justice such contradictory statement by the prosecutrix.

These latter points are for the most part dependents upon the question involved in the first point, namely, whether the parentage of the child, as evidencing one of the alleged incestuous intercourses proven by the prosecutrix, was material and relevant evidence? If it was, as the court below seems to have concluded, first, by admitting the evidence over objection, and second, by refusing to strike it out, it follows as a matter of course that the witness was subject to cross-examination on that question, and to be impeached as proposed by defendant. If not material and relevant the court erred in admitting the evidence, and also in denying the motion of defendant to strike it out.

The main question then, is, was the paternity of the child a fact material and relevant to the issue? When such fact does not involve the question of the guilt or innocence of the accused we do not think it is material, for the accused may be proven guilty regardless of the question of the paternity of the child born to the woman. *Kidwell* v. *State,* 63 Ind. 384; *Mathis* v. *Com.,* (Ky.) 13 S. W. 360. But where the State relies on, and, as in this case, attempts to prove the parentage and birth of the child and to impute the same to defendant, and as inculpating facts and circumstances tending to show guilt, we think the evidence then becomes material and relevant and is properly admitted. If the child was conceived out of wedlock, as the witness swore, its birth, seven months after marriage, was evidence of illicit intercourse with some one, and if, as she swore, that intercourse was with her father, he was guilty of the crime of incest charged. True, she testified to other acts of intercourse with defendant before and after her marriage, and if her evidence was worthy of belief, he could have been found guilty, independently of the evidence respecting the particular offence, resulting in pregnancy, and birth of her child. But for ought we know, the jury may have disbelieved her as to the other acts, or were unduly influenced by the one imputing the child to him, and thereby prejudicing him. So we think the court did not err in admitting the evidence of the paternity and birth of the child. It was material and relevant for the purposes indicated. *Swisher* v. *Malone,* 31 W. Va. 442, 447; *Harris* v. *State,* (Tex.) 144 S. W. 232; *State* v. *Hurd,* 101 Iowa 391;

*Kilpatrick* v. *State,* (Tex.) 39 Tex. Cr. Rep. 10; *Bowen* v. *Reed,* 103 Mass. 46, *Ronan* v. *Dugan,* 126 Mass. 176; *Eddy* v. *Gray,* 4 Allen 435; *Sabins* v. *Jones,* 119 Mass. 167.

True some of these cases are bastardy cases, not cases of incest; but when the fact of parentage is offered as evidence of incestuous acts, it becomes material, and the witness giving the evidence is subject to cross-examination and to be impeached thereon. Generally the cross-examination may be coextensive with the material evidence given in chief, and should only be limited thereby. *State* v. *Hatfield,* 48 W. Va. 561; *State* v. *Carr,* 65 W. Va. 81.

On the question of laying the foundation for impeaching the prosecutrix, we think it was competent for defendant on cross-examination to ask her whether at the time of swearing out the warrant against her father she had not stated to the justice that about two months before her marriage she had had sexual intercourse with Alexander who afterwards became her husband. If she admitted this fact such admission would certainly have weakened her evidence given in chief; if she denied it, the evidence of the justice that she had made such statement to him, would have contradicted her. So we think the rulings of the court both in denying the cross-examination, and in rejecting the evidence of the justice, as proposed by defendant, were erroneous and prejudicial to defendant. The law is well settled that a witness may be impeached by proving that on another occasion he made statements inconsistent with or contradicting his statements on the trial, if those statements be material. *State* v. *Goodwin,* 32 W. Va. 177. And though collateral, if made in chief, the rule is that the witness may be cross-examined and impeached thereon. *Forde* v. *Com.,* 16 Grat. 547; 2 Wigmore on Evidence, sections 1020-1023.

Defendant also points out alleged errors in the giving and refusing of instructions. First, it is complained that State's instruction number 1, on the subject of reasonable doubt, is erroneous in its concluding sentence that such doubt "must be *serious* and substantial in order to warrant acquittal." An instruction in the same form and using the objectionable word "serious" was approved in *State* v. *Staley,* 45 W. Va. 797. We see no error in this instruction.

State's instruction number 2, is complained of. It advises the jury, that relationship of the witnesses to defendant, their interest in the result of the case, their temper, feelings, bias, if any, their demeanor on the stand, their intelligence, &c., are proper considerations in determining the weight and credibility to be given their testimony. The criticism is not that the instruction is not good in law, but that it was liable to mislead the jury, and discredit the witnesses for defendant. But it is not limited to, defendant's witnesses, it clearly includes the witness for the State, related to defendant as daughter. It is not a binding instruction, and we find no error in it, or in its application to the case.

State's instruction number 5, complained of, also on reasonable doubt, was approved in *State* v. *Bickle,* 53 W. Va. 599, and we find no error therein.

State's instruction number 6, telling the jury, on the issues made by the evidence, that the paternity of the child of the prosecutrix, was an immaterial fact, is erroneous, and should have been rejected. The State by introducing the fact, and, by reference to time, place and circumstance, imputing the paternity of the child to defendant, and as among the inculpating facts and circumstances, made the fact a material issue on the trial; and it should not have been ruled out by an instruction to the jury.

There was no reversible error in rejecting defendant's instruction number 4. It was sufficiently covered by his instruction number 10, given. Defendant's instruction number 6, we think was erroneously rejected. As the question of the paternity of the child of prosecutrix was made an issue by the evidence of the State, as we have decided, defendant was entitled to have the jury told, as proposed by the instruction, that on the question of paternity, they should consider any evidence in the case showing or tending to show the absence of likeness to defendant.

We think defendant was also entitled to his instruction number 9, rejected. The first part, telling the jury, in substance, that to justify conviction the inculpating facts must be inconsistent with the innocence of the accused, and incapable of explanation in any reasonable hypothesis than that of guilt, was given; but the court rejected the rest of the in-

struction which would have told the jury that in considering the supposed inculpating facts, testified to by the State's only witness, they should take into consideration the motives which may have induced her to make the complaint against her father and the influence to the same end which may have been exercised over her by her husband, in connection with the several demands previously made by them upon defendant for money and at the time of making the charges against him, and that if upon consideration of these facts and of all the other facts and circumstances shown in evidence they should entertain reasonable doubt as to the guilt of defendant, it would be their duty to find him not guilty. We think defendant was entitled to the whole of this instruction. State's instruction number 8, did not cover fully the subject. It simply told the jury that if on the evidence they believed defendant guilty beyond reasonable doubt, they should so find, although they might further believe the prosecutrix and husband at the time of accusing defendant of the offense, had demanded large sums of money from him. The motives of witnesses are always proper to be considered by the jury in weighing their evidence. The instruction was not bad as one singling out and giving undue prominence to uncontrolling facts and circumstances in the case. *Bice* v. *Wheeling Electrical Co.*, 62 W. Va. 685, 692-3.

As the judgment will have to be reversed for the errors already pointed out, it becomes unnecessary, if not improper, to consider on the motion for a new trial, the weight and sufficiency of the evidence to sustain the verdict. For the errors pointed out, the judgment will be reversed and a new trial will be awarded defendant.

*Reversed, and new trial awarded.*