PERKINS *v.* THE STATE.

Indictment for receiving and concealing stolen goods. Upon the trial the state introduced one *A.* as a witness, who testified that one *B., C.,* and himself stole the goods, and that the defendant, knowing them to be stolen, received them into his possession and assisted in concealing them. The defendant, thereupon, proved by other witnesses that *A.* had stated out of Court that he had made the charge against the defendant with the hope of a pardon, and that the defendant had nothing to do with the matter. The state, then, to sustain *A.*'s evidence, offered a witness to prove that *A.* had testified before the grand jury that found the indictment, to the same that he had sworn at the trial; and the Court, notwithstanding the defendant's objection, admitted the evidence. *Held,* that the evidence was properly admitted.

APPEAL from the *Dearborn* Circuit Court.

DAVISON, J.—This was an indictment for receiving and concealing stolen goods. Plea, not guilty. Verdict and judgment for the state.

Upon the trial, the state introduced one *Hite,* who tes-
tified that one *Brown,* one *Spencer,* and himself, had stolen
the goods specified in the indictment; and that the de-
fendant, knowing the goods to have been stolen, received
them into his possession and assisted in concealing them.
Whereupon the defendant proved by other witnesses that
said *Hite* had stated out of Court that he had made the
charge against the defendant with the hope of a pardon,
and that the defendant had nothing to do with the matter.
Thereupon the state, for the purpose of sustaining *Hite's*
evidence, offered a witness to prove that *Hite,* before the
grand jury that found this indictment, had sworn the
same that he did on the trial in Court. The defendant
objected, but the Court overruled the objection and per-
mitted the witness to inform the jury what *Hite* had sworn
before the grand jury; which, in substance, was the same
as the evidence given by him on the trial in Court.

The admission of evidence to show what *Hite* swore
to before the grand jury, is the only error assigned. Was
this testimony correctly admitted?

In *Beauchamp* v. *The State,* 6 Blackf. 299, it was held
that "if a witness be impeached by proof of his having
previously made statements inconsistent with his testi-
mony, he may be supported by proving other statements
made by him in accordance with it." See, also, *Coffin* v.
*Anderson,* 4 Blackf. 395.—*Jackson* v. *Etz,* 5 Cowen 314.

The plaintiff admits the force of these authorities; but
he contends that a distinction exists between the cases
just cited and the one before us. He alleges that "there
may be some propriety in receiving evidence of state-
ments made out of Court," &c., "for it tends to show that
the witness that testifies to the conflicting statements may
have been mistaken; but nothing of that sort can be im-
plied from this double swearing." We cannot see the point
of distinction sought to be made. What the witness,
*Hite,* had sworn before the grand jury was, in effect, a
statement out of Court. It was consistent with his testi-
mony upon the trial, admitted to repel the force of the
evidence given to impeach his character for veracity; and

May
1853.

being made under oath, it could not, on that account, be less effective or more liable to objection.

It seems to us that the case presented by the record is, obviously, within the rule laid down in *Beauchamp* v. *The State, supra.* The validity of this rule has been denied. Mr. *Greenleaf* says, "Evidence that he, the witness, has, on other occasions, made statements similar to what he has testified, is not admissible" (1). But, in our opinion, the weight of authority is decidedly in favor of admitting the evidence. *Coffin* v. *Anderson, supra,* and cases there cited.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman,* for the appellant.

*B. J. Spooner, N. B. Taylor,* and *J. Coburn,* for the state.

