Brookbank *v.* The State, *ex rel.* Murphy.

---

## BROOKBANK *v.* THE STATE, EX REL. MURPHY.

SUPREME COURT.—*Practice.—Defective Record.—Improper Evidence.—Unavailable Error.*—Where the court trying a cause, over the objection and exception of a party thereto, permits an improper question to be put to and answered by a witness testifying therein, yet, if, on appeal to the Supreme Court, the record does not show what the answer was, such ruling is not available as error.

EVIDENCE.— *Witness.—Impeachment.—Contradictory · Statements.—Sustaining a Witness.*—Where, on the trial of a cause, declarations by a witness, made out of court, contradicting testimony given by him in such cause, are given in evidence to impeach him, the party calling him may give evidence of other declarations, made by him out of court, in harmony with his testimony, for the purpose of supporting it.

SAME.— *What Declarations -- When Made.*—Evidence of declarations in harmony with the testimony of a witness is not limited to those made before the time when his declarations, given in evidence to impeach him, were made.

From the Fayette Circuit Court.

*W. Morrow, N. Trusler, J. A. Henry, B. F. Claypool, J. C. McIntosh* and *W. C. Forrey,* for appellant.

PERKINS, J.—Prosecution for bastardy. Trial by jury. Verdict that appellant was the father of the bastard child. Motion for a new trial denied. The overruling of the motion for a new trial is the only error alleged on appeal,

in this court. And the only grounds upon which it is claimed that the court erred in this ruling are these:

"1st. Because the court permitted the following questions to be asked Ida Murphy, and answered by her, on her original examination, viz.:

"'State whether or not the defendant gave you, after your pregnancy and before the birth of the child, any medicines, and, if so, when, and what? And what did he say to you, if any thing, on the subject?'"

The answers to these questions, if any were given, are not in the bill of exceptions.

"2d. Because the court permitted the following questions to be asked Sarah Murphy, a witness for the defendant, upon her cross-examination by the plaintiff, the same not being responsive to any thing elicited in her first original examination, viz.:

"'Did Flora leave your house without your knowledge or consent?'"

No answer in the record.

"'Have you made any inquiry as to her whereabouts since she went away?'"

No answer in the record.

"'Have you any knowledge or information where she is?'"

No answer in the record.

"'Do you know who took her away?'"

No answer in the record.

"'Have you any information as to who took her away?'"

No answer in the record.

"3d. Because the defendant, on the trial of the cause, having, in his testimony in chief, introduced and read in evidence the deposition of one Ida McMinery, in which were the following questions and answers thereto, viz.:

"'1. Where was your room during the time you were there (defendant's residence), and who roomed with you, if any one?

" ' Answer. The room was in the north part of Mr. Brookbank's house. Ida Murphy, the relatrix, roomed with me one week, up to the time she left:

" ' 2. What was the condition of Ida Murphy at this time? And if you had any conversation with her, state what it was:

" ' Answer. She was in the family way; I noticed it on her, and she asked me if I knew what she could do to get rid of it; I told her I did not; she told me it was not Mr. Brookbank's; she said it was Thomas Hawkins':

" ' 3. State whether or not you asked her, in that conversation, whose child it was:

" ' Answer. Yes, sir; she said it was Thomas Hawkins' :'

" And the said Ida having, on her cross-examination by the defendant, testified that she did, on the morning that she left the house of the defendant, tell defendant's wife that ' Shorty' (meaning one Charles Bedford) was the father of her child, but that the defendant had, in a conversation with her, that morning, urged her to tell his wife, when the latter questioned her, that it was ' Shorty's,' and he would pay her all she could get if she charged it to him, defendant, to rebut which, the plaintiff, afterwards, in her rebutting evidence, introduced as a witness, one Catherine Hawkins, and propounded to her the following interrogatory:

" ' State what, if any thing, Ida Murphy, the relatrix, said to you after her return home, as to the paternity of her child.'

" To the propounding and the answering of which question the defendant, at the time, objected, for the reason that the same was illegal and incompetent; and for the further reason that the statement in answer thereto, introduced [intended] to be elicited, was after the statement made to the said Ida McMinery as to the paternity of her child, and only a few days before this prosecution commenced before the justice of the peace, and the same day

Ida left Brookbank's house; but the court overruled said objection, and permitted said witness to answer the same to the jury, which she did, as follows:

"'Ida came home the last of May or first of June; she came and stayed with me all night; and on the night of the day she left Brookbank's, (defendant's) I had a conversation with her; I can not remember all the conversation; she said it was Charles Brookbank's child, and that she had been ruined forever.'"

As to the first and second reasons assigned below as grounds for a new trial, this court can not say that the appellant was injured by the questions and answers of the witness, as we are ignorant as to what the answers were. They may have been favorable to the appellant. And if they were not injurious to him, the statute forbids the reversal of the judgment because they were erroneously, even, permitted to go to the jury.

As to the third reason assigned below for a new trial, it seems to us the cases of *Coffin* v. *Anderson*, 4 Blackf. 395, and *Dailey* v. *The State, ex rel., etc.*, 28 Ind. 285, justify the ruling made. In the latter case it is said:

"The law has been long established in this State, that if statements of the witness made out of court are introduced on the trial, which are in conflict with his testimony, to discredit him, he may prove his declarations made in harmony with his evidence. *Coffin* v. *Anderson*, 4 Blackf. 395."

Neither of the above cases limits the proof of "his declarations made in harmony with his evidence," to the part of them made prior to those given in evidence for the purpose of impeaching. It is admitted in *Coffin* v. *Anderson, supra,* that the English rule is probably the other way; but the Supreme Court of this State has adhered to the rule as laid down in the cases cited.

The judgment is affirmed, with costs.