Carter *v.* Carter *et al.*

No. 8442.

CARTER *v.* CARTER ET AL.

SUPREME COURT.— *Verdict.*—*Evidence.*—The Supreme Court will not dis-
turb a verdict or decision upon a question of fact, when the evidence is
conflicting.

WITNESS.—*Impeachment and Corroboration by His Own Statements.*—A witness,
whose testimony has been assailed by evidence of his inconsistent state-
ments, may be supported by proof of his declarations made in harmony
with his testimony; but he can not be thus corroborated simply because
his testimony has been contradicted by other direct evidence.

From the Montgomery Circuit Court.

*R. C. Gregory, W. B. Gregory, R. P. DeHart, A. Thomson*
and *T. H. Ristine,* for appellant.

*W. D. Wallace* and *A. A. Rice,* for appellees.

WOODS, J.—The appellant, who was the defendant in the
action, which was commenced in the Tippecanoe Circuit Court,
and changed on his application to the court below, claims that
the court erred in overruling his motion for a new trial.

Among the causes for a new trial, it is alleged that the ver-
dict is contrary to the evidence and to the law, and that the
jury gave excessive damages. These causes all depend upon
a single question of fact. The first paragraph of the com-
plaint is for an alleged breach of a parol contract for the de-
livery of personal property (hogs) by the appellant to the
appellees, and, as the price agreed to be paid exceeded fifty
dollars, it was necessary for the plaintiffs to prove, as in their
complaint they had alleged, that they paid a sum of money
to the appellant upon the contract at the time it was made.
The appellant insists that there was no evidence on this point
in support of the verdict. The record, however, shows dis-
tinctly that there was such evidence.

The additional point is made that the court permitted cer-
tain questions to be answered by one of the appellees who
testified in the case.

The second paragraph of the complaint was to the effect

that, in a certain settlement made between the appellant and the appellees, a mistake had occurred whereby it was made to appear that the appellees were indebted to the appellant in a larger sum than in truth they were indebted to him, which sum they had paid him in ignorance of the mistake.

The witness had already testified to the fact of the mistake, and had said : " It was a good while afterwards, say two years, before I heard of the mistake." He was then asked : " From whom did you learn that there had been a mistake in the settlement ? " to which he answered : " Matt Davidson told me about it, that James Carter had told him of the mistake, was the way I found it out." To the asking of the question and the giving of the answer the appellant objected, and excepted on the ground that the evidence was hearsay ; but the court overruled the objection.

For the purpose of explaining his conduct, it was doubtless competent for the witness to state when and from whom he obtained the first information of the mistake ; but it was not competent for him to testify what Davidson had told him, and thereby get before the jury hearsay evidence of the declaration of the defendant that the mistake had been made. It is insisted, however, that the error was harmless, because Davidson testified that the defendant did, in fact, make the statement so imputed to him. The appellant, however, denied that he ever made the statement, and testified that the money which was claimed to have been paid to him by mistake in overpayment of the loan which he made to the appellees, was in fact paid upon other considerations, and not by mistake. There was, therefore, a direct question of veracity between the appellant and Davidson as witnesses, to be determined by the jury. They seem to have decided it against the appellant, and this conclusion may have resulted from the proof of Davidson's declaration to the appellee, which the jury probably regarded as a corroborating circumstance.

It is proper, when a witness has been impeached by proof of inconsistent declarations made out of court, to support him

by proof of declarations which he had made in harmony with his testimony. *Brookbank* v. *The State, ex rel.,* 55 Ind. 169 ; *Coffin* v. *Anderson,* 4 Blackf. 395 ; *Perkins* v. *The State,* 4 Ind. 222 ; *Dailey* v. *The State, ex rel.,* 28 Ind. 285. But it is not permissible to support his testimony by proof of such declarations, when he has not been assailed with proof of contradictory statements. *Coffin* v. *Anderson, supra.* The fact that his testimony is directly in conflict with other testimony, does not make his statements out of court admissible as corroborating evidence. If such were the rule, the proof would be too easily manufactured for the occasion to be of value when produced.

Judgment reversed, with costs, and cause remanded, with instructions to grant a new trial.