[No. 1846.]

Rob. Long *v.* The State.

1. Practice — Continuance — Diligence.— The *onus* is upon the defendant to establish the exercise of diligence in support of his application for a continuance.

2. Same — Default of a Witness.— It is understood that a witness refuses to obey a subpœna if he is not in attendance upon the court on the day set apart for taking up the criminal docket, or any day subsequent thereto and before the final disposition of the particular case in which he is a witness.

3. Same — Attachment.— When a witness who resides in the county of the prosecution has been duly served with a subpœna to appear and testify in any criminal proceeding, and fails to so appear, the party who summoned him is entitled to have an attachment issued forthwith for such witness.

4. Same.— The burden is upon the party seeking a continuance to show himself entitled to it by definite, exact and certain averments; and when the defendant is relying alone upon the service of a subpœna, his application for a continuance, to be good in point of diligence, should affirmatively show that the witness was in attendance upon the court on the day set apart for taking up the criminal docket, and thereby excuse his failure to sue out an attachment.

5. SAME — EVIDENCE. — The affidavit or complaint upon which the information in this case was predicated was received as evidence on behalf of the State, over the objection of the defendant. *Held*, error; that, though an indispensable part of the pleadings, it was in no sense evidence of the facts it charged. See the opinion *in extenso* on the question.

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrell, County Judge.

The information, being for malicious mischief, charged the appellant with the destruction of a certain hat, the corporeal personal property of John Dunaway. He was convicted and fined in the sum of $5.

*E. B. Perkins* and *E. W. Terhune*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The *onus* is upon the defendant to establish the exercise of diligence in support of an application for a continuance. " It shall be understood that a witness refuses to obey a subpœna, if he is not in attendance on the court on the day set apart for taking up the criminal docket or any day subsequent thereto and before the final disposition or continuance of the particular case in which he is a witness." (Code Crim. Proc., art. 482.) And " when a witness who resides in the county of the prosecution has been duly served with a subpœna to appear and testify in any criminal action or proceeding, and fails to so appear, the State or the defendant shall be entitled to have an attachment issued forthwith for such witness." (Code Crim. Proc., art. 483.) Where a defendant is relying alone upon the service of a subpœna, then his application for continuance, in order to be good in point of diligence, should affirmatively show that the witness was in attendance on the day set for taking up the criminal docket, and thereby excuse his failure to resort to an attachment. The burden is upon the party seeking a continuance to show himself entitled to it by definite, exact and certain averments. ( *Walker* v. *The State*, 13 Texas Ct. App., 620.) Defendant's witness in this case was not shown to have been in attendance when the criminal docket was taken up, and his failure to procure an attachment for him was such want of diligence as would deprive him of his right to a continuance; and the court did not err in overruling his application.

A bill of exceptions was saved by defendant to the ruling of the court in permitting the prosecuting attorney to read as evidence to

the jury the affidavit or complaint upon which the information was founded. A complaint is required by the law as a basis upon which to predicate an information for a misdemeanor (Code Crim. Proc., arts. 35, 36), and is filed with the information. Whether it is such a part and portion of the pleading as that it should be read to the jury in connection with the information is immaterial to this inquiry. As evidence, there can be no doubt but that it was improperly admitted. Even the information or indictment in a criminal case cannot be used as evidence of the facts they charge, and the complaint upon which the former is based, though required to be sworn to, is at most but a part of the pleading; and it is only in exceptional cases in civil actions that the pleadings become admissible as evidence.

There is a rule of evidence, where a witness has been contradicted or impeached by proof of previous contradictory statements, to the effect that he may be sustained by testimony to his general good character for truth and veracity, or by proving that he had formerly made statements in harmony with his testimony. (*Johnson* v. *Brown*, 51 Texas, 65; 78 N. C., 564; 55 Ind., 169; 3 Sneed (Tenn.), 52; Whart. Crim. Evid., §§ 491–2.) Mr. Greenleaf limits the rule to exceptional cases (1 Greenl. Evid., § 469), but we incline to the doctrine as above stated and as it is held in North Carolina, Indiana, Tennessee and Maryland. (*Bloomer* v. *The State*, 48 Md., 521; *S. C.*, 3 Amer. Crim. R. (Hawley), 37.) This rule, however, is not applicable to the facts shown in this case, and cannot be invoked to make the affidavit or complaint competent evidence. A mere conflict of testimony will not justify introduction of evidence to back up the witnesses thus conflicting. (Whart. Crim. Evid., § 491.)

For error in the admission of this evidence, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

[Opinion delivered November 12, 1884.]