No. 13,423.

## THE LOGANSPORT AND PLEASANT GROVE TURNPIKE COMPANY v. HEIL.

118   135
137   549
139   194

EVIDENCE.—*Admissions against Interest.*—The admissions of a party against his interest are competent as independent and substantive evidence, and can not be limited to the question of credibility.

SAME.—*Party May not Introduce His Own Declarations.*—Where the defendant introduces self-disserving admissions of the plaintiff, the latter can not give his own declarations in evidence in support of his case.

From the Cass Circuit Court.

*E. S. Daniels, A. G. Jenkins, S. T. McConnell* and *D. B. McConnell,* for appellant.

*J. C. Nelson, Q. A. Myers, R. Magee, G. W. Funk* and *D. C. Justice,* for appellee.

ELLIOTT, C. J:—The appellee testified that one of the wheels of the wagon in which he was riding ran into a deep hole in the turnpike of the appellant upon which he was driving; that the wagon was upset and he was thrown out and injured. One of the witnesses for the appellant testified that the appellee told him that he had upset his wagon by making "too short a turn," and others testified that he told them that he upset the wagon by "running one of the wheels against a large stone." In reply the appellee introduced evidence of statements made by himself the day after the accident occurred corresponding with his testimony on the witness stand.

The trial court erred in admitting in evidence these declarations of the appellee. In giving an account of the accident the appellee was testifying as to facts and was assuming to state facts. In disproving by his own admissions his statements on the witness stand, the appellant did not merely impeach his credibility, but gave evidence which tended to

The Logansport and Pleasant Grove Turnpike Company *v.* Heil.

disprove the facts he assumed to state. The testimony given by the witnesses who testified as to his admissions was not offered or received as impeaching evidence, but as evidence of the admissions of a plaintiff. Where a party makes admissions they are accepted as original evidence, upon the ground that the admissions of a party against his interest are made because they truthfully embody the facts, and they are, therefore, substantive proof of the facts admitted. They relate to the facts themselves as facts, and not merely to the question of the trustworthiness of the party as a witness. If the appellee had not testified at all, his admissions would have been competent as original evidence. The admissions tended to prove that the fact was that the accident did not occur in the manner described by him in his testimony, but in an entirely different manner. These admissions against his interest were evidence that the facts stated as the cause of action did not exist, and, therefore, evidence of these admissions did much more than affect the question of credibility. *Blossom* v. *Barrett,* 37 N. Y. 434; *Lucas* v. *Flinn,* 35 Iowa, 9; *Hodges* v. *Bales,* 102 Ind. 494. The cases which declare that where a witness is impeached by evidence of contradictory statements made out of court, he may be sustained by evidence of statements made about the same time corresponding with those made on the trial, are not in point. The case before us does not fall within the rule asserted in such cases as *Coffin* v. *Anderson,* 4 Blackf. 395, *Perkins* v. *State,* 4 Ind. 222, *Brookbank* v. *State, ex rel.,* 55 Ind. 169, and *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18. The rule which here applies is the general one that a party can not give his own declarations in evidence. *Denman* v. *McMahin,* 37 Ind. 241; *Hunt* v. *Roylance,* 11 Cush. 117 (59 Am. Dec. 140).

The instruction given by the court did not cure the error in permitting the plaintiff to prove his own declarations in support of his case, but, on the contrary, enhanced, rather than diminished, the effect of the erroneous ruling. The

instruction reads thus: "The plaintiff in rebuttal introduced evidence of statements made by him in relation to matters in controversy at other times and places than those that the defendant claims that the plaintiff made in its defence. This evidence is to be considered by you only and alone with reference to the credibility of the plaintiff as a witness." The admissions of the plaintiff, as we have already said, were competent as independent and original evidence of the manner in which the accident occurred, and this instruction implies that the only effect of the admissions was to impeach the plaintiff's credibility as a witness.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial.

Filed March 27, 1889.