No. 870.

## MOELERING v. SMITH ET AL.

APPELLATE COURT PRACTICE.—*Appeal by One of Two Defendants.—Rulings Affecting only Defendant not Appealing.*—Where only one of two defendants appeals from a judgment rendered against them, rulings in the trial court, which only affected the defendant not appealing, can not avail the appellant.

EVIDENCE.—*Mechanic's Lien.— Value of Materials Furnished.—Cost of Production not the Test.—Market Value.*—Where, in an action to enforce a mechanic's lien, the plaintiff testified, in his own behalf, that he furnished the stone, and that defendant agreed to pay him a reasonable price for the same, and that it was reasonably worth fifty cents per perch, it was not permissible for the defendant to prove the cost of stripping and quarrying the stone, as affecting the

price of the stone, for such testimony could not affect the pertinent inquiry—the market value of the stone.

Same.—*Mechanic's Lien.*—*Self-Serving Declarations.*—*Incompetency.*— In an action to enforce a mechanic's lien, the defense introduced witnesses who testified that plaintiff had stated, out of court, in effect, that the contract on which the material was furnished was one of partnership; and, upon the theory that such testimony was impeaching, plaintiff was permitted, over defendant's objection and exception, to prove, by other witnesses, that he, plaintiff, had, in the absence of defendant, made statements that he was not a partner in the construction of the work in controversy. Such statements, being self-serving, were incompetent to be given in evidence in favor of plaintiff; their admission was erroneous, and amounted to reversible error.

From the Wabash Circuit Court.

*A. Taylor, J. Morris* and *J. H. Barrett,* for appellant.
*M. H. Kidd* and *N. G. Hunter,* for appellees.

Reinhard, J.—Smith instituted this action against the Diamond Match Company, as sole defendant, for the enforcement of a mechanic's and material man's lien, alleging in his complaint that he had performed labor and furnished materials in the construction of certain buildings on said company's lands in Wabash county, Indiana, to one William Moelering, who had a contract with said company for the construction of said buildings.

Upon his own application, the appellant, the said William Moelering, was admitted as a party defendant.

Thereupon appellee Smith filed his amended complaint in two paragraphs, designated as second and third paragraphs of such complaint, as against both of said defendants.

Moelering and the company filed separate demurrers to each of said second and third paragraphs of complaint, which were overruled.

It is contended, first, that the second paragraph is insufficient for the reason that it is not averred therein

that the contract for the labor and materials sued for was with the owner or his authorized agent; and that, secondly, the third paragraph is bad because it seeks to charge the defendant company with a personal liability by notice, when there is no allegation that a written notice had been given to it.

Whatever the proper ruling might be upon these questions, if they had been urged on behalf of the company, it is clear to us that they can not avail the appellant. The Diamond Match Company, who alone is affected by this ruling, seems to be content therewith, having taken no appeal. The appellant can not litigate the questions for it.

Whether or not the complaint discloses a liability of said company to the plaintiff, can in no way concern the appellant, and he is therefore in no situation to complain of the ruling. As these are all the alleged infirmities attempted to be pointed out to the several paragraphs of the amended complaint, and we have discovered none other, we must hold the same sufficient as to the appellant, and the court, therefore, committed no error in overruling the demurrer.

Upon issues joined between the several parties, the cause was submitted for trial. A jury was called to pass upon certain questions of fact submitted to them upon interrogatories. There was a finding for the appellee Smith, as against both defendants. A motion for a new trial by the appellant alone was overruled and judgment entered. The overruling of this motion is the next alleged error relied upon for a reversal of the judgment.

In the complaint, it is alleged, in effect, among other things, that the defendants are indebted to the plaintiff in the sum of $3,510.50, for materials furnished and labor performed in the construction of the buildings.

A bill of particulars, filed with the complaint, shows the following items as against both defendants:

"1889—Oct. 20—To 5,821 perch of stone,

  at 50c .............................$2,910.50

To 120 days' work, at $5................   600.00

                                        $3,510.50

As to the defendant Moelering, a credit is entered as follows:

"By cash, etc........................$1,727.57

  "Balance due..................  1,782.99"

We give the above statement from the complaint in order to be able to present more intelligently the question made upon the ruling of the court in excluding testimony, viz: Smith, the plaintiff below and appellee here, testified in his own behalf that he had furnished the defendants the stone, and that appellant had agreed to pay him a reasonable price for the same, and that it was reasonably worth fifty cents per perch.

Upon cross-examination, the appellant's counsel sought to prove, by the plaintiff, the cost of stripping and quarrying the stone, for the purpose of showing, it is stated, what would be a reasonable price for the stone in the quarry, and that fifty cents a perch was not a reasonable price. This proposed testimony the court excluded, and it is insisted that this ruling was erroneous.

We are unable to see how the testimony sought to be elicited by the cross-examination could tend in any manner to elucidate that given in chief. The pertinent inquiry was the market value of the stone. It is not made to appear how the cost of preparing an article for market would affect the value thereof, though we are willing to admit that it would materially affect the profit or loss upon the same. The same quality of stone might cost

Moelering v. Smith et al.

much more if gotten out of some quarries than it would if taken out' of others, but this would not necessarily diminish or increase its value. If the seller is fortunate enough to secure his labor for little or nothing, it will not decrease the value of the article. As well might it be claimed that the fact that an article had been presented to the owner as a gift made it less valuable in the market.

Had the appellant been permitted to prove, and succeeded in showing, that the stone cost the appellee but a trifle for stripping and quarrying, that fact might have had the effect of confusing the jury, but how it could have enlightened them or the court as to the real value of the article is more than we can comprehend.

The court committed no error in sustaining the objection.

Complaint is also made of the ruling of the court in the admission of certain testimony respecting the quantity of stone furnished by the appellee. The point is tersely stated in the brief of appellant's counsel, from which we quote:

"For the purpose of ascertaining the amount of stone claimed by plaintiff, he undertook, in his testimony, to give the dimensions of the several stone walls and foundations of the buildings. To meet this testimony, the defendant introduced William Fowler, an engineer, who had, a part of the time, superintended the construction of the buildings, and who, for a like purpose of ascertaining the amount of stone work in the buildings, had measured the several walls and parts of stone work in the buildings. In his testimony, he gave the measurements of the several stone walls, and was permitted by the court to state, in cubic feet, the contents of the several walls. The plaintiff, on rebuttal, and for the purpose of impeaching witness Fowler, introduced as a wit-

ness James W. Shea, as an expert, he being also an en-
gineer. Appellant objected to the evidence, and the ob-
jection was overruled. It will be seen that witness Shea
did not testify as to measurements made by himself, but
from statements given him purporting to have been
given by witness Fowler in his testimony.''

We can see no valid objection to this testimony.
Granting that the number of cubic feet to be ascertained
from the measurement of the engineer Fowler was simply
a matter of calculation, we can conceive of no reason
why another witness who is competent should not be
permitted to give the results of such measurements as
well as the witness Fowler. If it was wrong for Shea to
give the results, it was just as wrong for Fowler.

If the jury were competent to make the calculations,
the figures of Shea and Fowler could do no harm, for the
jury could verify them and decide for themselves as to
their correctness. Moreover, the testimony of Shea was
confined to three of the walls out of a great many. We
think his testimony was competent, as that of an expert,
to show whether or not the calculations of Fowler were
correct. The jury and court heard them both and could
determine which of them was correct, or whether correct
in part and incorrect as to the remainder.

The calculations would involve considerable time, la-
bor, and the exercise of some skill in the rules of men-
suration, and it was not improper to permit these en-
gineers and mechanics to give in evidence the result of
their estimate.

On the trial of the cause, Smith, the appellee, was a
witness in his own behalf, and testified about the work
done and materials furnished by him, and its value. Ap-
pellant had filed a cross-complaint alleging that the work
was done and articles delivered by appellee to appellant
under a contract of partnership. To sustain these allega-

tions, he introduced certain witnesses, who testified that said appellee had stated, out of court, in effect, that the contract under which the materials were furnished was one of partnership. Upon the theory that this was an impeachment, Smith was permitted, over appellant's objection and exception, to prove by other witnesses that he, Smith, had, in the absence of appellant, made statements that he was not a partner in the construction of the work in controversy. The appellant urgently insists that the admission of the testimony was reversible error under the authority of *Logansport, etc., Turnpike Co.* v. *Heil*, 118 Ind. 135.

We are of the opinion that this contention must prevail. We have carefully examined the case cited, and do not see wherein it differs in principle from the case in hand.

Ordinarily a witness may be impeached by proof of statements made out of court contradictory to those made upon the witness stand. When this has been done he may be supported by the party producing him by introducing testimony showing that at about the same time he also made statements consistent and in harmony with those given on the witness stand. *Coffin* v. *Anderson*, 4 Blackf. 395; *Dailey* v. *State*, 28 Ind. 285; *Brookbank* v. *State, ex rel.*, 55 Ind. 169; *Ramey* v. *State, ex rel.*, 127 Ind. 243.

The case at bar, however, does not fall within the class of cases to which the foregoing belong. In these cases, the persons impeached were not parties to the action, but ordinary witnesses. The statements proved in the present case were self-serving declarations, and these can not become evidence for the party who makes them, unless made in the presence of the adverse party when the latter has an opportunity to reply.

Judgment reversed.

Filed June 23, 1893; petition for a rehearing overruled Oct. 19, 1893.