No. 16,513.

GARR, SCOTT & CO. *v.* SHAFFER ET AL.

139 191
142 489
143 704

EVIDENCE.—*Res Gestæ.—Declarations.—Personal Property.—Possession.—Title.*—Declarations of one in possession of property and claiming the title, that she is the owner thereof, are admissible in evidence as a part of the *res gestæ*, in an action involving the question of title thereto.

SAME.—*Consolidated Actions.—Ownership.—Declarations.—When Original Evidence.—Character Evidence.*—Where several cases to foreclose a chattel mortgage and for the recovery of personal property have been consolidated, evidence as to statements by a party to one of

the possessory actions, as to ownership, out of court, in contradiction to her statements as a witness in court, would be original evidence against her as a party; and as to those cases to which she was not a party, her statements as to ownership would not be binding and are inadmissible; and as evidence of such declarations made out of court are not impeaching, it would be error to allow character evidence to be introduced in her favor.

From the Cass Circuit Court.

*M. Winfield, C. E. Taber, R. C. Pollard* and *C. R. Pollard,* for appellant.

*L. D. Boyd* and *E. B. McConnell,* for appellees.

HOWARD, J.—The appellant, a corporation, brought an action against the appellees, Homer J. and David A. Shaffer, to foreclose a chattel mortgage and for the recovery of personal property.

Afterwards, the appellee Samuel A. Shaffer, and the appellee Sarah A. Shaffer, brought separate actions against the appellant and against the sheriff for the return of certain items of the mortgaged property taken under the writ of appellant.

There was a change of venue from Carroll to Cass county, and the causes were tried together, resulting in special findings by the court and a decree in favor of the appellant, except as to the property claimed by Samuel A. and Sarah A. Shaffer.

The evidence was heard but once, and as so heard was applied by the court to the several actions as consolidated.

It is objected by appellant that evidence was received to prove declarations of Sarah A. Shaffer, made before the commencement of her action, and in the absence of appellant, to the effect that she owned and claimed certain of the property involved in this appeal. She was in possession of the property at the time her declarations of ownership were made, and we think that the declarations

and claims were, therefore, properly shown, to be considered with other evidence in deciding the question of title to the property. They were a part of the *res gestæ*. *McConnell* v. *Hannah*, 96 Ind. 102; *Tyres* v. *Kennedy*, 126 Ind. 523.

The appellant introduced evidence to show that Sarah A. Shaffer, at the time appellant's writ was served, had admitted that all the property seized by the sheriff, except one horse, belonged to her husband, the appellee, David A. Shaffer.

Sarah A. Shaffer was afterwards called and denied these admissions, and denied, also, that the conversations in which it was claimed such admissions were made ever took place.

On the theory that the witness, Sarah A. Shaffer, was thus impeached by evidence as to statements made by her out of court, contradictory to those made by her as a witness on the trial, other witnesses were called, who testified to her general good character and her good repute for truth and veracity.

Appellant objected to the introduction of such testimony in favor of the good repute of Sarah A. Shaffer for truth and veracity, and contended that her good repute in this particular had not been attacked, but that her admissions out of court, being proved· upon the trial, were to be taken as original evidence against her as a party.

This contention must be held good when made concerning the action in which Sarah A. Shaffer was. herself a party, as we said on the first hearing of this case.

But, on that hearing, it was also held that the evidence as to statements of the witness Sarah A. Shaffer was applicable to all the actions, which were tried together, the evidence being heard but once. If that were

true, then, as to those actions to which she was not a party, such evidence as to statements by her out of court, in contradiction to her statements as a witness in court, would be impeaching; and, consequently, witnesses might be called to sustain her character as to those cases. For the court, hearing the evidence once for all the cases, might apply it in its proper order; and if her evidence as to ownership of the property were applied by the court before applying the evidence as to contradictory statements made by her out of court, then, certainly this last evidence would be impeaching, and witnesses as to her character for truth and veracity might be introduced.

A further examination of the case, however, makes it apparent that the evidence as to her admissions, while competent as to the case in which she was a party, was not competent as to the other cases. Her admissions, if proved, would be good against herself, but could not bind others. As to those cases in which she was not a party, her admissions or other statements as to ownership of the property would be mere hearsay.

Sarah A. Shaffer's admissions, therefore, were evidence only against herself in the case in which she was herself plaintiff. The fact that the evidence was heard but once, and applied by the court to the several cases, did not make it proper to apply the evidence of her admissions to any case but that in which she was herself a party.

But as to Sarah A. Shaffer, plaintiff in her own suit, proof of her admissions that the property was not her own was original testimony against her, and not impeaching simply. Consequently it was error to allow her to introduce character evidence in her favor. *Logansport, etc., Turnpike Co.* v. *Heil*, 118 Ind. 135.

The judgment in favor of Sarah A. Shaffer must, therefore, be reversed. The three cases, however, and

the three judgments rendered, are quite independent, and the error in the case of Sarah A. Shaffer does not in any way affect the other two cases, and the judgments in those cases will stand.

In *First Nat'l Bank, etc.,* v. *Williams,* 126 Ind. 423, it was said: "It is objected that the court erred in overruling the plaintiff Williams' motion for a new trial, and granting a new trial to Helm on his motion, but there was no error in this, if Helm was entitled to a new trial and Williams was not. Their rights were separate and distinct."

We have here not one case but three distinct cases. But even in one case, where the rights of the parties are several and distinct, or the issues different and independent, a new trial may be awarded as to a part of the case. Elliott's App. Proced., section 844. See also *Houston* v. *Bruner,* 39 Ind. 376, and *Parsons* v. *Stockbridge,* 42 Ind. 121.

The judgment and decree in favor of Garr, Scott & Co. against Homer J. and David A. Shaffer is affirmed, as is also the judgment in favor of Samuel A. Shaffer against Garr, Scott & Co. The judgment in favor of Sarah A. Shaffer against Garr, Scott & Co. is reversed, with instructions to grant a new trial in that case.

Filed Nov. 20, 1894.