DAVID BEARD AND RALPH BEARD v. BETTY JEAN DODD, B/N/F ELLA LEONA DODD.

[No. 572 A 250. Filed May 29, 1973. Rehearing denied June 28, 1973. Tranfer denied October 23, 1973.]

Thomas W. Yoder, Edward L. Murphy, Livingston, Dildine, Haynie & Yoder, of Fort Wayne, for appellants.

John H. Krueckeberg, Roland W. Gariepy, Parry and Krueckeberg, of Fort Wayne, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—David Beard was driving Betty Jean Dodd home from school in his 1964 Corvair convertible. There was a hump in the street at the intersection of Columbia and Kingston in Fort Wayne, Indiana, which would cause all four wheels of an automobile to leave the pavement if traversed at a sufficient rate of speed. Just before reaching the intersection, David said to Betty, "Hold on, here we go." After going over the hump in the street, the 1964 Corvair convertible went out of control striking the right front edge of the median strip. The Corvair convertible then swerved to the right and struck a 1965 Plymouth which completely totaled a parked Volkswagen that finally came to rest against a tree. The 1965 Plymouth continued down the street and struck the rear of a Chevrolet station wagon. Betty Jean Dodd was thrown forward into the windshield. She suffered severe cuts to her face and a fractured rib.

Betty Jean Dodd brought an action against David Beard in the Allen Superior Court for damages. During the trial Betty Jean Dodd testified that in her opinion David Beard was traveling approximately seventy miles an hour when he entered the intersection. David Beard offered Elizabeth Schafer as a witness. She testified that Betty Jean Dodd had told her that David's automobile was traveling thirty or thirty-five miles an hour. To counter this admission, Betty Jean Dodd presented three rebuttal witnesses who testified that she had made consistent statements regarding the speed of David's automobile. This testimony was admitted over the objections of David Beard. Betty Jean Dodd received a jury verdict in the sum of $15,000.00. For the purposes of this opinion, the motion to correct errors filed by David Beard raises this issue:

Did the trial court commit reversible error when it over-ruled David Beard's objections to each of the three rebuttal witnesses who testified to prior consistent statements made

by Betty Jean Dodd regarding the speed of David Beard's automobile as it entered the intersection?

Our opinion concludes that the trial court did commit error when it overruled David Beard's objection to the rebuttal testimony of Betty Jean Dodd's three witnesses. The thirty to thirty-five mile an hour admission was direct, original evidence of the manner in which the accident occurred. It was not offered or received as impeaching evidence. We reaffirm the general rule that a party such as Betty Jean Dodd may not give her own declarations to others in evidence as to how the accident occurred. Our opinion reverses the judgment of the trial court.

## II.

## STATEMENT OF THE FACTS

On April 16, 1968, David Beard offered to give Betty Jean Dodd and another classmate, Thomas Steven Heininger, a ride home from school. David was driving a 1964 Corvair convertible. Just shortly before dropping Thomas off at his home, the subject of the intersection at Columbia and Kingston Streets in Fort Wayne, Indiana, came up in their conversation. It was suggested that because of a hump in the pavement that, ". . . if you are going fast enough, you can get the wheels of the car off the ground." To this discussion, Thomas commented that it would not be very neat if you wrecked your car in the process. After leaving Thomas off at his home, David turned on Kingston Avenue and headed north toward the intersection of Columbia and Kingston. Just before reaching this intersection, David said to Betty, "Hold on, here we go," or words to that effect. Betty testified at the trial that in her opinion David was traveling at approximately 70 miles per hour. As David's car traversed the "hump," he hit the right front edge of the median strip. As a result of the impact with the median strip, he apparently lost control of the car, swerved to the right and struck a 1965 Plymouth

automobile owned by Mrs. Grace Schwartz. The Plymouth in turn struck and totaled the Volkswagen of Paula Johnson, which had been parked in front of the Johnson residence. The Volkswagen proceeded up and over the curb and finally came to rest against a tree. The Plymouth automobile continued down the street and struck the rear of a Chevrolet station wagon owned by Mrs. Chrismans.

The impact with the Plymouth automobile caused Betty Jean Dodd to be thrown forward into the windshield. She suffered severe cuts to her face and a fractured rib. Treatment of her injuries consisted of removing foreign material and suturing the facial cuts with a technique known as "W Plasty."

The accident was investigated by Robert Breidert, a police officer for the City of Fort Wayne, Indiana. Officer Breidert testified that he observed skid marks from the south end of the median strip over to David's Corvair convertible. The skid marks gave the appearance of having been made by a vehicle which first struck the edge of the median strip. Tire marks were also observed between the Corvair and the Plymouth. There was also a scrap mark on the north side of the "hump" in the intersection of Kingston and Columbia Streets. As a result of the Officer's investigation, he issued a citation to David for excessive and unreasonable speed. David later pled guilty to the charge.

Betty Jean Dodd file an action for damages against David Beard on April 10, 1970, in the Allen Superior Court.[1] Following a trial by jury, judgment was entered in favor of Betty Jean Dodd on January 4, 1972 for $15,000.00. David Beard's motion to correct errors was denied and raises the question set forth below in our *Statement of the Issue.* The appeal was distributed to this court on December 12, 1972. Oral argument was completed on March 22, 1973.

---

1. This action was brought pursuant to the Indiana Guest Statute, IC 1971, 9-3-3-1; Ind. Ann. Stat. § 47-1021 (Burns 1965).

## III.
## STATEMENT OF THE ISSUE

The scope of discussion in the *Statement on the Law* section of this opinion will be limited to the following issue:

Did the trial court commit reversible error when it overruled David Beard's objections to each of the three rebuttal witnesses who testified to prior consistent statements made by Betty Jean Dodd regarding the speed of David Beard's automobile as it entered the intersection?

## IV.
## STATEMENT OF THE LAW

We preface our discussion here by calling your attention to a basic distinction that should be kept in mind—admissions by party witnesses as distinguished from admissions by "non-party" witnesses. The admission that David Beard's automobile was going thirty or thirty-five miles per hour was made by a party to the action, Betty Jean Dodd. A "non-party" witness who is impeached with testimony of inconsistent statements may offer evidence of prior consistent statements to rebut the inference that his original statement is not truthful. We are dealing here with the exception to this general rule where the admission is made by a party to the action.

Betty Jean Dodd had testified that, in her opinion, the automobile driven by David Beard was traveling approximately 70 miles per hour. Elizabeth K. Schafer testified that Betty Jean Dodd had told her during a visit at the Schafer's lake cottage that Beard's automobile was traveling about thirty or thirty-five miles per hour. To show prior consistent statements as to speed, Betty Jean Dodd called three rebuttal witnesses. The first witness was Carla Salyer, a friend of Betty Jean Dodd's sister. The second witness was Shirley Powell, Betty Jean Dodd's sister, and the third witness was Ella Leona Dodd, Betty Jean Dodd's mother. All testified to consistent statements made by Betty Jean Dodd over the proper objection of David Beard.

David Beard's contention is that the testimony of Elizabeth Schafer is not impeaching testimony but original, direct evidence. Betty Jean Dodd contends that the rebuttal evidence is admissible since a recent contrivance was shown.[2] We do not find sufficient evidence in the record to support a recent contrivance contention. Furthermore, there is no authority in Indiana which indicates that Indiana has adopted the recent contrivance theory as suggested by Professor Wigmore.

David Beard relies upon *Logansport and Pleasant Grove Turnpike Co.* v. *Heil* (1888), 118 Ind. 135, 20 N.E. 703. Also see *Chicago & Eastern Illinois R. R. Co.* v. *Mitchell* (1914), 56 Ind. App. 354, 105 N.E. 396; *Garr, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191, 38 N.E. 811; *State* v. *Hunt* (1893), 137 Ind. 537, 37 N.E. 409; and *Moelering* v. *Smith* (1893), 7 Ind. App. 451, 34 N.E. 675.

In *Logansport and Pleasant Grove Turnpike Co.* v. *Heil, supra,* the complaining party witness testified that one of his wagon wheels ran into a hole on the turnpike. Other witnesses testified that he had told them that he upset the wagon by making "too short a turn," and by "running one of the wheels against a large stone." To counteract these admissions, the complaining party introduced other statements that he had made which tended to substantiate his original statement on how the accident happened. The Supreme Court of Indiana

---

2.   Professor Wigmore in analyzing the various circumstances under which corroborating testimony can be offered as rehabilitation by prior consistent statements, discussed the rebutting of the assertion that the plaintiff's testimony was a "recent contrivance" in 4 WIGMORE, EVIDENCE § 1129, at 270-272 (Chadbourn Rev. 1972):

"The charge of recent contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did *not* speak of the matter before, at a time when it would have been natural to speak; his [her] silence then is urged as inconsistent with his [her] utterances now, i.e., as a self-contradiction (§ 1042, supra). The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story.

\* \* \* \*

"In judicial rulings, this use of former similar statements is universally conceded to be proper; though occasionally it is difficult to apply the principle to the facts."

held that the trial court erred in admitting in evidence the testimony showing consistent declarations. Our Supreme Court further stated in *Logansport and Pleasant Grove Turnpike Co.* v. *Heil, supra,* 118 Ind. at 136:

". . . The testimony given by the witnesses who testified as to his admissions was not offered or received as impeaching evidence, but as evidence of the admissions of a plaintiff. Where a party makes admissions they are accepted as original evidence, upon the ground that the admissions of a party against his interest are made because they truthfully embody the facts, and they are, therefore, substantive proof of the facts admitted. They relate to the facts themselves as facts, and not merely to the question of the trustworthiness of the party as a witness. If the appellee had not testified at all, his admissions would have been competent as original evidence. . . ."

## V.
## DECISION OF THE COURT

Betty Jean Dodd was a party witness to the action. Her testimony as to how the collision happened included a statement of fact on the speed of Beard's automobile prior to the collision. This statement of fact is to be treated under present Indiana law as direct, original evidence and "not merely to the question of the trustworthiness of the party as a witness." *Logansport and Pleasant Grove Turnpike Co., supra,* 118 Ind. at 136. Elizabeth Schafer's testimony related to an inconsistent statement of fact or admission by Betty Jean Dodd as to the speed of Beard's automobile thereby indicating that the seventy mile an hour fact may not exist. Betty Jean Dodd as a party witness cannot offer rebuttal witnesses to show prior consistent statements made by her to support her original statement on speed. *Logansport and Pleasant Grove Turnpike Co., supra.* The trial court's overruling of David Beard's objections to the testimony of the three witnesses offered by Betty Jean Dodd for this purpose was error. Betty Jean Dodd could not give her own prior declarations in evidence. The

judgment of the trial court should be and the same hereby is reversed.

Hoffman, C.J., concurs; Sharp, J., concurs in result.

NOTE.—Reported at 296 N.E.2d 442.