CHEZEM, Judge,
dissenting.
I respectfully dissent because the majority disregards the standard of review which it purports to follow. When a judgment is is attacked as being contrary to law or the evidence, the reviewing court may neither weigh the evidence nor assess the credibility of witnesses. Nylen v. Park Doral Apartments (1989), Ind.App., 535 N.E.2d 178. This court on appeal may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. Id. It is only where the evidence and inferences so considered lead to but one conclusion, and the trial court had reached a contrary conclusion, that the judgment will be disturbed as being contrary to law. Id.
I agree with the majority that when an attorney and client have contracted for services at an hourly rate, and the attorney is discharged prior to the completion of the matter, the attorney’s fee is to be determined by measuring the reasonableness of the fee calculated pursuant to the agreement against the factors listed in Ind. Professional Conduct Rule 1.5(a).[3] I disagree, however, with *1365 the majority’s assertion that trial court here failed to make this determination when it found that the $15,000 attorney fee charged by Landis was unreasonable.
The evidence most favorable to the judgment shows that Landis represented Miller from September 5, 1990 to April 18, 1991, approximately seven and one-half months. Miller had. hired Landis to pursue a modification of her support agreement, as she needed in-home nursing care because of her multiple sclerosis. Evidence was presented that the matter never went to hearing during Landis’ representation. Miller testified that a hearing that was set for February 1, 1991, but that it did not take place because on that date, after she executed the assignment in the corridor, Landis entered the courtroom and obtained a continuance for lack of preparedness. The hearing was reset for April 18,1991. Shortly before the April 18th hearing date, Miller and Landis spoke. Landis told Miller that she should not come to Chicago, as he was not ready for the hearing. Miller told Landis she was going to be there even if he wasn’t. Landis met Miller at the courthouse and attempted to persuade her not to proceed. When Miller insisted on going forward, Landis withdrew.
It is apparent from the trial court’s order that the factors listed in Ind. Professional Rule 1.5(a) were considered against the $15,-000 fee Landis billed Miller. The trial court determined that a fee of $15,000 was “unreasonable in light of the relatively short time [Landis] represented [Miller], the matter was not unusual in nature and there was never a hearing on the substantive issues.”
The majority cites to that evidence in the record, given exclusively by Landis, to support their reversal of the judgment. Landis testified that he had vast experience in post-dissolution matters, that much discovery was conducted, and that the ease was of emergency status.[4] However, what the majority does is simply reweigh the evidence and assess witness credibility in contravention of our standard of review'. While the evidence in this case may have been sufficient to support a judgment in favor of Landis, that is not the only conclusion which the evidence and the reasonable inferences drawn therefrom supports. It is the prerogative of the trial court, not this court, to weigh conflicting evidence. It is only where the evidence presented leads to a conclusion opposite than the one reached by the trial court that a judgment will be reversed. This is not such a case here.
Because the judgment is not contrary to the law or evidence, I would affirm the trial court.

. I disagree with the statement earlier in the majority opinion that "the value, whether or not reasonable, of the services rendered to any particular date can be determined by the number of hours Landis had spent on work for Miller.” (emphasis added). Majority at 1366-67. While the price of a good or service may be unreasonable, I fail to see how anything can have an unreasonable value. See Moelering v. Smith (1893), 7 Ind.App. 451, at 454-55, 34 N.E. 675, at 676 (evidence concerning the cost incurred in quarrying stone was inadmissible, as the relevant inquiry was the market value of the stone; “It is not made to appear how the cost of preparing an article for market would affect the value thereof, ... If the seller is fortunate enough to secure his labor for little or nothing, it will not diminish the value of the article. As well might it be *1365 claimed that the fact that an article had been presented to the owner as a gift made it less valuable in the market.”). The value of an attorney's services is not conclusively determined by the amount an attorney bills her client, even when that amount is based on the simple mathe-matic calculation of hourly rate multiplied by hours worked. An attorney’s fee must in all respects be reasonable. See Ind. Professional Conduct Rule 1.5(a), supra.

. It is curious, as it apparently was to the trial judge, that one so accomplished as Landis is in post-dissolution matters would need to spend as much time as he did conducting research.and discovery on a not so novel issue, at least to the experienced practitioner.